UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL CARPENTER,                        :
GRIST MILL CAPITAL, LLC,                 :
    Plaintiffs,                          :
                             :
v.                                       :        cv
                             :
LYNN ALLEN,                              :
CHERI GARCIA,                            :
TIMOTHY CORSI.,                          :
JOHN DOES AND JANE DOES 1-100,  :
    Defendants.                          :        MAY 22, 2014

## C O M P L A I N T

     1.    This is an action alleging violation of the plaintiffs' constitutional right to be free from unreasonable searches and seizures arising under the Fourth Amendment, Mr. Carpenter's right to remain silent, and Mr. Carpenter's Sixth Amendment right to counsel. The conduct at issue in this action is part of a broader pattern of harassment and intimidation of the plaintiffs orchestrated by the Office of the United States Attorney in Boston and Washington, D.C., and is integrally related to the claims currently before this court in an action pending before United States District Court Judge Stefan Underhill bearing docket number 3:13-cv-563(SRU).

     2.    The jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Section 1983 of Title 42 of the United States Code, and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

     3.    The plaintiff, Daniel Carpenter, was at all times relevant to this action, and he remains, and adult resident of the State of Connecticut. One of his

1

companies owns the property located at 100 Grist Mill Road, Simsbury, CT, and does business from offices located in that property and elsewhere in the State of Connecticut.

4.    Grist Mill Capital, LLC, is a Delaware organization, and, at all times relevant to this action, it maintained a place of business at 100 Grist Mill Road, Simsbury, CT.

5.    Defendant Lynn Allen was at all times relevant to this action a Special Agent of the United States Department of Labor. Upon information and belief, she was also the affiant on a search warrant affidavit that remains sealed and therefore unavailable for inspection by the plaintiffs. She is sued in her individual and official capacities.

6.    Defendant Cheri Garcia was at all times relevant to this action a federal agent acting within the course and scope of her duties. She is sued in her individual capacity only.

7.    Defendant Timothy Corsi was at all times relevant to this action a federal agent acting within the course and scope of his duties. He is sued in his individual capacity only.

8.    Unknown John Does and Jane Does 1-100 were at all times relevant to this action armed federal law enforcement agents and/or federally deputized state law enforcement agents acting within the scope of their duties in the execution of search warrants. Their identities are unknown at this time.

9.    The acts of each defendant were undertaken under color of law, were intentional, and were pursued in reckless disregard of the plaintiffs' rights.

2

## An Overbroad Search Supported by a General Warrant

10.     On May 26, 2011, Defendants Allen, Garcia, Corsi and Jane Does and John Does 1-100 engaged in a coordinated set of searches of properties located at: 100 Grist Mill Road, Simsbury, CT; 300 Stamford Place, Stamford, CT; and as many as 17 other locations. Their searches were allegedly conducted under the authority of a number of search warrants signed by Magistrate Judge Joan Margolis.

11.     At no point during the execution of the warrant, and despite repeated demands by Mr. Carpenter or representatives of Grist Mill Capital, LLC, did the defendants and unknown agents ever produce a copy of the search warrant affidavit authorizing their search of the premises.  The search warrant affidavit was not attached to the search warrant as required by the Supreme Court's decision in *Groh v. Ramirez*, 124 S. Ct. 1284 (2004).  Therefore, the search warrant was facially deficient and was an unlawful and defective warrant *per se*.

12.     At no point during the execution of the warrant did the defendants or unknown agents ever produce a copy of a warrant naming and authorizing a specific government agent to conduct the search of the premises.  There was no named officer in charge of the search as required by law.

13.     The defendants and unknown agents instead produced a general and sweeping schedule of items described as "Attachment D" purporting to give them authority to search for such a broad range of items and documents as to transform the warrant into a general warrant proscribed by the Fourth

3

Amendment.  Clearly the warrant was overly broad and not particularized as to specific items related to probable cause of evidence of a crime as required by law in a valid search warrant.

14.    The defendants engaged in a wholesale search of the premises, ransacking 100 Grist Mill Road, holding individuals, including Mr. Carpenter, against their will and incommunicado for several hours, and causing substantial damage to the premises, and emotional distress to Mr. Carpenter and to his employees.

15.    The search of the premises was unreasonable in scope and duration, and the defendants remained on the premises for an unreasonably long period of time into the early morning hours of the next day as they ransacked the premises.

16.    The defendants seized items beyond the scope of what was authorized, including income tax filings, banking, insurance policies and other personal financial information of Mr. Carpenter's wholly unrelated to any conceivable violation of any law or pursuant to any lawful purpose of the search.

17.    Upon information and belief, the search warrant affidavit supporting the application for a search warrant failed to describe any violation of the law, or to establish the necessary probable cause that the defendants would be searching for evidence that any law of the United States had been broken.

18.    During and after the raid and unlawful search of 100 Grist Mill Road, the defendants also served and left behind several grand jury subpoenas

4

for various records custodians seeking substantially the same items for which the agents were searching.

19.     Among the thousands of items seized were attorney-client privileged communications between Mr. Carpenter and his counsel regarding the prosecution of a criminal case then pending in the United States District Court for the District of Massachusetts bearing docket number 1:04-cr-10029.

20.     The aforesaid criminal case has twice been tried to a verdict. In the first case, Mr. Carpenter was convicted and successfully sought a new trial in the District Court; that decision was upheld by the United States Court of Appeals for the First Circuit in Boston. In the second trial, he was again convicted, and again successfully sought a new trial; the case is now on appeal before the United States Court of Appeals for the First Circuit.

21.     Since the warrant at issue in this case was served, Mr. Carpenter has been indicted in Connecticut, and his case is now pending in this District in a case bearing docket number 3:13-cr-00226(RNC). The indictment makes allegations involving an entity known as the Charter Oak Trust.

22.     Mr. Carpenter and Grist Mill Capital LLC, have a *Bivens* action complaining about a separate illegal search pending before United States District Court Judge Stefan Underhill in Bridgeport, and bearing docket number 3:13-cv-563(SRU). The plaintiffs have been granted leave to file an amended complaint in the Bridgeport action.

23.     The Assistant United States Attorney, David Novick, who reviewed the affidavit for the warrant at issue in the instant action was aware of the

5

criminal prosecution of Mr. Carpenter in Boston, and is counsel for the Government in the criminal action currently pending in Connecticut. Attorney Novick knew that Mr. Carpenter was a criminal defendant in a pending action at the time the May 26, 2011 search was conducted, and, upon information and belief, informed defendant Allen and others of that fact. The various criminal actions pending against Mr. Carpenter in Connecticut and Massachusetts are related and arise from his occupation as a benefits plan attorney and advisor to a number of employee benefit plan administrators.

24.     Defendant Corsi seized, among other items beyond the lawful reach of the warrant, confidential information regarding Mr. Carpenter's life insurance policies, personal tax returns, and Mr. Carpenter's homeowners insurance policy.

25.     The May 26, 2011 search resulted in the seizure of more than 100 boxes of documents, none of which have yet been returned to the plaintiffs' possession.

## The Unlawful Questioning of Mr. Carpenter and the Deprivation of his Right to Counsel

26.     Defendants Allen and Garcia consciously disregarded the fact that Mr. Carpenter was a represented party at the time defendant Garcia interrogated him. Defendant Garcia's unlawful interrogation of Mr. Carpenter was authorized by defendant Allen. The questioning of Mr. Carpenter violated his right to remain silent and his right to have a lawyer present during a post-arraignment custodial interrogation in violation of the Fifth and Sixth Amendments to the United States Constitution.

6

27. During the course of the execution of the warrant, Mr. Carpenter was placed in custody and questioned despite having invoked his right to remain silent and to have counsel present. The defendants denied Mr. Carpenter's repeated requests and his right to see the warrant or the search warrant affidavit authorizing the search of the property.

## Claims as to Malice and Damages

28. Upon information and belief, the defendants actions were inspired by malice and prosecutorial vindictiveness, and were based upon their beliefs that Mr. Carpenter would succeed in overturning once again a conviction after trial obtained by other federal agents.

29. As a direct and proximate cause of the acts and omissions complained of herein, Mr. Carpenter suffered terror, fear, anxiety, emotional distress, loss of business opportunities and consequential economic damages, together with the violation of the constitutional rights described herein. Grist Mill Capital, LLC suffered loss of business opportunity and the violation of its constitutional right to be free from unlawful search and seizure.

30. During the course of the execution of the warrant, Mr. Carpenter was placed in custody and questioned despite having invoked his right to remain silent and to have counsel present. The defendants denied Mr. Carpenter his right to see the warrant authorizing the search of the property or to see the affidavit that is required to be attached to a valid search warrant.

7

## MOTION FOR RETURN OF PROPERTY

31.    Pursuant to Federal Rule of Criminal Procedure 41(g), the plaintiffs Grist Mill Capital, LLC and Daniel E. Carpenter, hereby move the Court to also enter an order for the return of their property that has been unlawfully seized by the government in violation of the Fourth and Fifth Amendments to the Constitution of the United States.  The unlawful search and seizure occurred almost three years ago and no reason has ever been provided as to what the "probable cause" was for the search warrants to be issued, or the "exigent circumstances" that required a "commando raid" of over 80 armed federal agents at several locations.

32.    To date, the government has provided the plaintiffs with no explanation of the supposed "probable cause" supporting the warrants or a description of the "exigent circumstances" requiring an armed search and seizure rather than a routine serving of a grand jury subpoena.

33.    To defeat the plaintiffs' right to the return of property, the government must show that a compelling interest exists to not return the property.  The government raid seizing the plaintiffs' property happened three years ago, and the property has not been returned nor has the search warrant affidavit allegedly supporting the unlawful warrants been unsealed.  The plaintiffs want their property back, and they also want to know what the "probable cause" and "exigent circumstances" were for the "commando-style" raid on their professional office spaces. To date, the government has failed to do either.

8

WHEREFORE, the plaintiffs seek damages as follows:

        a.     Compensatory damages;

        b.     Punitive damages;

        c.     An order requiring the return of property unlawfully seized;

        d.     Declaratory relief in the form declaring unlawful the search of May 26, 2011;

        e.     Attorney's fees pursuant to 42 U.S.C. Section 1988;

        f.     Such other relief as this Court deems fair and equitable.

## JURY TRIAL CLAIM

The Plaintiffs claim trial by jury.

THE PLAINTIFFS

BY:  /s/  Norman A. Pattis /s/
NORMAN A. PATTIS
ct 13120
The Pattis Law Firm, LLC
639 Amity Road
Bethany CT, 06524
203.393.3017 (telephone)
203.393.9745 (facsimile)
npattis@pattislaw.com