UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL E. CARPENTER and<br>GRIST MILL CAPITAL, LLC, | : | |
| | : | |
| Plaintiffs, | | Docket No.  3:14CV741 (MPS) |
| | : | |
| VS. | | |
| | : | |
| LYNN ALLEN, CHERI GARCIA,<br>TIMOTHY CORSI, JOHN DOES 1-100,<br>and JANE DOES 1-100, | : | |
| | : | |
| Defendants. | | December 19, 2014 |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO STAY,
OR IN THE ALTERNATIVE MOTION FOR EXTENSION
OF TIME TO FILE RESPONSIVE PLEADING**

*I.     Introduction*

This case was commenced by complaint (PACER No. 1) filed on May 22, 2014.  The complaint alleges various constitutional and state tort claims primarily against three individually named employees of the United States Department of Labor (hereinafter "DOL")[1].  The allegations in the complaint stem from the execution of a search warrant that is part of an underlying criminal investigation[2][3].  The search warrant was executed by DOL on May 26, 2011.

---

[1] Timothy Corsi is no longer a DOL employee.

[2] The criminal investigation resulted in an indictment in a case styled *United States v. Daniel Carpenter*, Docket No. 3:13CR226-1 (RNC), which is currently pending in this District.

[3] Also currently pending in this District is a civil action styled *Daniel Carpenter, et al. v. Douglas Shulman, Commissioner, Internal Revenue Service, et al.,* Docket No. 3:13CV563 (SRU).  This civil action was brought against employees of the Internal Revenue Service (IRS), and raises similar claims as those alleged in the instant

This Court's initial Standing Pretrial Order set an August 22, 2014 deadline to file motions to dismiss, and a December 21, 2014 deadline to file dispositive motions. Pursuant to Fed.R.Civ.P. 4(i) (2) and (3), the United States Attorney's Office was served with a copy of the complaint on June 12, 2014. However, in addition to service upon the United States Attorney's Office, the Plaintiffs were also required to complete personal service upon the individual United States (DOL) employees. Personal service on the individually named DOL employees was not completed until much later than the initial service upon the United States Attorney's Office. Defendant Timothy Corsi was served on November 3, 2014; Defendant Cheri Garcia was served on November 6, 2014; and Defendant Lynn Allen was served only recently, on December 11, 2014. *See* Returns of Summons, PACER Nos. 13, 17. Thus, Defendant Corsi's answer is due January 2, 2015; Defendant Garcia's answer is due January 5, 2015; and Defendant Allen's answer is due February 9, 2015.[4]

## II. *Request for Stay Pending Resolution of Underlying Criminal Matter*

There are numerous motions currently pending in the United States' underlying criminal case[5]. Included with the pending motions is Defendant Daniel Carpenter's *First Motion to Suppress Evidence/Documents Seized from Raid of 5-26-2011* (*United States v. Daniel Carpenter*, Docket No. 3:13CR226-1 (RNC), PACER No. 80). Defendant Carpenter's motion to suppress in his criminal case is based in large part upon the same allegations that have been set

---

case. The allegations against the IRS employees also stem from the execution of a search warrant during the course of a criminal prosecution conducted in another district. The execution of the search warrant by IRS employees occurred on April 20, 2010, well prior to the May 26, 2011 execution of the search warrant by DOL employees.

[4] The docket entry for the Returns of Summons, PACER Nos. 13 and 17, erroneously set answer deadlines twenty-one (21) days from the date of service of the individually named Defendants. Defendants Corsi and Garcia were served on November 24 and 27, 2014, respectively. Defendant Allen was served on December 11, 2014. Pursuant to Fed.R.Civ.P. 12(a)(2) and (3), the answer deadlines for United States employees should be set *sixty* (60) days from the date of service, or January 2 and 5, 2015 for Defendants Corsi and Garcia, respectively; and February 9, 2015 for Defendant Allen.

[5] *See United States v. Daniel Carpenter*, Docket No. 3:13CR226-1 (RNC), PACER No. 119.

2

forth in the complaint in this civil matter. The pending motion to suppress and numerous other pending motions appear to have been fully briefed. Recently, on December 4, 2014, this Court conducted a hearing and heard oral argument in the criminal case concerning the various pending motions, and the motions were taken under advisement.[6]

If this Court were to issue a ruling in this civil case concerning the execution of the search warrant and/or the seizure of evidence subject to the warrant, such a ruling could potentially call into question the admissibility of evidence in the underlying criminal case. Thus, any such decision in this instant civil matter could potentially undermine the results of Defendant Carpenter's federal criminal action. In *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Supreme Court stated that:

> [i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Accordingly, the United States respectfully requests that this civil action be stayed until the resolution of the criminal case against Defendant Carpenter.

### III.     *In the Alternative, the United States Requests an Extension of Time*

If this Court should decline to stay this action, then in the alternative, the United States respectfully requests the following. First, it is the intention of the United States to raise through a dispositive motion various defenses to the allegations in the complaint. Once the United States Attorney's Office was served with a copy of the complaint on June 12, 2014, it provided direction as to how the individually named Defendants, through DOL, could request representation from the Department of Justice. The proper requests were made and the

---

[6] Coincidentally, oral argument was also held on December 4, 2014 on a number of pending motions in *Daniel Carpenter, et al. v. Douglas Shulman, Commissioner, Internal Revenue Service, et al.,* Docket No. 3:13CV563 (SRU). A number of those pending motions have also been taken under advisement by the Court.

Department of Justice approved representation of the individually named Defendants on July 16, 2014.  Two DOL attorneys have been assigned to this matter- one attorney from DOL's Office of Inspector General (hereinafter "OIG"), and the second attorney from DOL's Solicitor's Office.  Undersigned counsel has been reviewing this matter with both DOL attorneys.  On December 15, 2014, DOL's Solicitor's Office submitted to undersigned counsel an initial written report concerning its analysis of this matter.  DOL-OIG submitted its separate written report on December 18, 2014.  The United States is seeking an extension of time to allow for undersigned counsel to review both written reports, as well as consult with DOL counsel while preparing a dispositive motion.

Pursuant to Fed.R.Civ.P. 12(a) (2) and (3), answers or responsive pleadings are due on January 2 and 5, 2014, and February 9, 2015, based on the date that each Defendant (Corsi, Garcia and Allen, respectively) was served with the complaint.  The United States requests an extension using the later of either thirty (30) days from the denial of the motion to stay, or the latest deadline (assigned to Defendant Allen) to file a responsive pleading, February 9, 2015, as the date applicable to all three individually named Defendants.  Such an extension will permit the filing of a single dispositive motion that will contain all the defenses available to the individually named Defendants, including defenses that are common to all three.  If the extension date of February 9, 2015 is used, the United States would be obtaining a thirty-eight (38) day extension as to Timothy Corsi, and a thirty-five (35) day extension as to Cheri Garcia, to file a responsive pleading or dispositive motion.

In summary, should a stay not issue, the United States requests either a thirty (30) day extension of time from the denial of the motion to stay, or an extension for all three individually

named Defendants until February 9, 2015, whichever is later, to file a single dispositive motion and/or responsive pleading in this case[7].

## IV. Conclusion

The United States respectfully requests that this action be stayed pending resolution of the related criminal case. In the alternative, should a stay be denied, the United States requests thirty days from the denial of the motion to stay, or February 9, 2015 (whichever is later) to prepare its dispositive motion and/or responsive pleading(s) as to the individually named Defendants. The United States also seeks to correspondingly adjust pretrial deadlines.

In accordance with L.Civ.R. 7(b) 3, undersigned counsel contacted Plaintiffs' counsel, who does not oppose an extension to February 9, 2015. This is the United States' first motion for extension of time in this matter.

Respectfully submitted,

Deirdre M. Daly
United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT339

---

[7] The Standing Pretrial Order entered in this case will also need to be amended to take into account the respective dates of service, and/or correspond to any extensions that may be granted pursuant to this motion.

Certification

I hereby certify that on December 19, 2014, a copy of the foregoing Memorandum was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney