**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANIEL E. CARPENTER and : <br> GRIST MILL CAPITAL, LLC, <br> : <br>    Plaintiffs,                                  Docket No.  3:14CV741 (VAB) <br> : <br> VS. <br> : <br> LYNN ALLEN, CHERI GARCIA, <br> TIMOTHY CORSI, JOHN DOES 1-100,   : <br> and JANE DOES 1-100, <br> : <br>    Defendants.                                March 11, 2015 | |

**DEFENDANTS' RENEWED MOTION TO STAY CASE**

The Defendants, Lynn Allen, Cheri Garcia and Timothy Corsi (hereinafter "Federal Defendants"), by and through their undersigned counsel, hereby respectfully submit this renewed motion for stay of this case.

**Preliminary Statement**

A stay of this *Bivens* action is an appropriate remedy that will prevent the Plaintiffs—one of whom has been charged by indictment in a related criminal case—from using the civil discovery rules to circumvent the rules of criminal discovery and from attempting to re-litigate in a new forum motions that are already pending as part of the criminal case.  Indeed, the very issues that are the subject of this case, i.e., the validity of search warrants that yielded evidence in the criminal case, have been briefed, argued, and are pending decision before another Court of this district.  A stay risks no prejudice to the Plaintiffs, but serves the interests of justice in seeing

an issue litigated and decided in one forum only and according to the well-established rules of criminal procedure.

## Factual and Procedural Background

On December 12, 2013, a federal grand jury sitting in Hartford, Connecticut returned a 33-count indictment charging Daniel Carpenter ("Carpenter") and Wayne Bursey ("Bursey") with Wire Fraud, in violation of 18 U.S.C. § 1343; Mail Fraud, in violation of 18 U.S.C. § 1341; and Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349. That criminal case, entitled *United States v. Daniel Carpenter*, Docket No. 3:13CR226-1 (RNC), is currently pending in this district before the Honorable Robert N. Chatigny. Carpenter and Bursey were arraigned on January 17, 2014, and were released on secured bonds. Carpenter has since been incarcerated on a previous conviction from the District of Massachusetts. *See United States v. Daniel Carpenter*, No. 1:04CR10029 (GAO) (D. Mass. March 4, 2014). On May 14, 2014, the same federal grand jury returned a superseding indictment. The Superseding Indictment included the original 33 counts of mail and wire fraud and conspiracy, and then added an additional 24 counts of money laundering, illegal monetary transactions, and conspiracy to commit money laundering. In the course of pre-trial litigation, Carpenter and Bursey have filed multiple motions to dismiss the indictment and to suppress evidence seized as a result of search warrants executed on May 26, 2011 at, among other locations, 100 Grist Mill Road in Simsbury, Connecticut. In particular, they have alleged that the May 26 search warrant was overbroad, facially deficient, and unsupported by probable cause. The parties have fully briefed those motions, the Court heard oral argument on December 4, 2014, and the motions are pending decision.[1]

---

[1] Carpenter's motion to suppress and associated briefings and affidavit were over 100 pages, and the Government's responsive brief was 75 pages.

On May 22, 2014, five months after the filing of the criminal indictment, Carpenter filed the instant civil case, which is a *Bivens* complaint against U.S. Department of Labor (hereinafter "DOL") Special Agent Lynn Allen, the case agent in the criminal matter and affiant on the challenged search warrants, and other agents who participated in the warrants' execution (PACER No. 1). The civil case was randomly assigned to the Honorable Michael P. Shea. This civil action principally challenges the validity of the search warrant executed on May 26, 2011 at 100 Grist Mill Road, and requests a return of property under Federal Rule of Criminal Procedure 41(g). Like the pending motion to suppress in the criminal case, this civil action alleges, among other things, that the May 26th search warrant was overbroad, facially deficient, and unsupported by probable cause. The civil action seeks declaratory relief that the May 26th search was unlawful.

On December 19, 2014, the Federal Defendants filed a Motion to Stay, or in the Alternative, for Extension of Time (PACER No. 19). In the motion, the Federal Defendants requested that this civil action be stayed until the resolution of the underlying criminal case against Daniel Carpenter, on the grounds that a ruling in this civil case concerning the execution of the search warrant and/or the seizure of evidence subject to the warrant could potentially undermine the results of federal criminal action pending against him. On December 22, 2014, the Court denied, without opinion, the foregoing Motion to Stay. On January 26, 2015, the civil action was reassigned to this Court.

On January 29, 2015, the prosecutors in the underlying criminal case filed a "Notice of Related Case". Docket No. 3:13CR226-1 (RNC), PACER No. 123. In its Notice, the United States noted to the Court this related civil action and referenced D.Conn.L.Cr.R. 50(b), which provides that when related cases are pending in this District, the later case should "normally be

assigned to the Judge having the earliest filed case." The Government then recommended that this civil case and the underlying criminal case be assigned to the same court for all further proceedings in light of the commonality of issues. On March 9, 2015, the prosecutors learned that Judge Chatigny could not take this civil case under the related case policy due to a conflict.

## Discussion

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of a related criminal proceeding. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). Indeed, the Supreme Court has stated that when a plaintiff "files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial[,]" it is "in accord with common practice[] to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

In the context of federal Section 1983 claims filed while related criminal cases are pending in state court, courts have consistently stayed the civil action pending the resolution of the criminal action. *See Estes–El v. Long Island Jewish Med. Ctr..*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."); *see also Mack v. Varelas*, 835 F.2d 995, 999–1000 (2d Cir. 1987), *overruled in part by Heck v. Humphrey,* 512 U.S. 477 at 486-90 (1994) (ordering stay of § 1983 action pending resolution of parallel state criminal proceedings; "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981) (a "federal court is not

precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.").

When considering whether to grant a stay, district courts in this Circuit balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (citations omitted). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distrib, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Here, an analysis of these factors weighs in favor of granting a stay of the civil action until the related criminal case has ended.

First, the nearly identical issues underlying the civil case and Carpenter's pending motions in the criminal case weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)). Here, the allegations contained in the civil complaint mirror the arguments Carpenter has raised in his criminal case. In the criminal case, Carpenter has filed motions to suppress evidence seized as a result of search warrants, arguing that the search warrants were overbroad, facially deficient and unsupported by probable cause. These issues, which he has now raised again in this civil complaint, have already been fully briefed in his criminal case, and

5

the Court heard oral argument on December 4, 2014. The motions are pending decision and will directly bear on the allegations raised in this civil matter.

Second, the return of the indictment and status of the criminal case also weighs in favor of a stay. "Courts generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage." *SEC v. Treadway*, No. 04 Civ. 3464(VM)(JCF), 2005 WL 713826, at *3 (S.D.N.Y. March 30, 2005). On the other hand, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). *See also Savalle v. Kobyluck, Inc.,* Docket No. 3:00CV675 (WWE), 2001 WL 1571381, *2, (D. Conn., Aug. 15, 2001) ("[I]n most cases, the potential prejudice facing a plaintiff if the stay is granted is reduced after an indictment has been returned 'since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution.'" (internal citation omitted). A criminal indictment here was returned long before Carpenter filed his civil action, and trial is expected to take place in October of this year. As such, this factor weighs in favor of granting a stay as well.

Third, there is very little, if any, prejudice to Carpenter that would result from the stay. Carpenter's motion in the criminal case concerning the validity of the search warrants has been fully briefed, and a decision is expected shortly. *See Harris v. Nassau County*, No. 13–CV–4728 (NGG)(RML), 2014 WL 3491286, *4 (E.D.N.Y. July 11, 2014) ("Plaintiff incurs minimal prejudice, if any, by staying this [section 1983] action until resolution of the criminal matter- which appears imminent."). Moreover, granting a stay would be beneficial to and advances the private interests of both parties because it will likely narrow the issues before the Court and prevent both parties from performing unnecessarily duplicative work. *See Crawford & Sons Ltd.*

*v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (finding that a stay would "avoid duplication" as a "conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims" and provide the parties with the benefit of "the transcript and rulings in the criminal action"); *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) (finding that the criminal action "may reduce the scope of discovery in the civil case and the evidence gathered during the criminal prosecution can later be used in the civil action"); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985); (determining that resolution of the criminal case "might reduce the scope of discovery in the civil case or otherwise simplify the issues").

Fourth, the interests of the Court and the public weigh in favor of a stay. As noted, the resolution of issues in the criminal case will likely narrow the issues before this Court and reduce the scope of discovery. A stay is warranted for reasons of judicial economy as it would be inefficient for two separate courts to pass simultaneously on the same issues involving the same parties and, more significantly, could potentially lead to inconsistent rulings, with one judge ruling the search was lawful and the other ruling it was unlawful.

In addition, the courts and the public have an interest in "preserving the integrity of the criminal case," *see Crawford & Sons*, 298 F. Supp. 2d 319, and insuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 (also known as the Jencks Act) provides that in criminal cases, the statements of Government

7

witnesses shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. *See United States v. Coppa*, 267 F.3d 132, 145, 146 (2d Cir. 2001) (reversing district court's decision to order early disclosure of Jencks Act material). Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery. *See* Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See SEC v. Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.").

The lead case agent in the criminal case, Special Agent Lynn Allen, who was also the affiant on the challenged search warrants, is one of the Federal Defendants in this civil case. The Federal Defendants are preparing to file a dispositive motion as their responsive pleading in this

civil case, which would likely include a supporting affidavit by Special Agent Lynn Allen. Thus, if the civil case goes forward, Special Agent Allen's affidavit filed in the civil case, as well as subsequent civil discovery (including interrogatories or deposition testimony of Agent Allen and other government witnesses who participated in the search) could be used to undermine the criminal prosecution.

In addition, while preparing the Federal Defendants' dispositive motion, various potential exhibits that the Government has in its criminal case, but not obtained pursuant to the search warrants, will be used to support the Federal Defendants' dispositive motion in the civil case. Similarly, these exhibits are also being used in the preparation for the criminal trial, and will likely be used during that trial. At the very least, the premature disclosure of these exhibits in the civil case (and subsequent deposition testimony related to the exhibits should the civil case move forward) will disrupt and undermine the trial preparation in the criminal case, and creates the potential for further requests for the Government's exhibits in its criminal case under the guise of allowable discovery in the civil case.

Finally, Carpenter seeks in both cases the return of property seized pursuant to the search warrant. The Government in the criminal case is currently preparing for trial and intends to use the property that was seized from Carpenter for its preparation, as well as at trial. A decision in the civil case to return property to Carpenter that the Government intends to use in its preparation and at trial *against* Carpenter will clearly affect the criminal case.

Accordingly, the Federal Defendants respectfully request that this civil action be stayed until the resolution of the criminal case against Daniel Carpenter.

**Conclusion**

Based upon all of the foregoing reasons, and in the interest of justice and judicial economy, the Federal Defendants respectfully request that the Court stay this civil action pending resolution of the related criminal case against Daniel Carpenter. Undersigned counsel contacted counsel for the Plaintiffs concerning this renewed motion. Plaintiffs' counsel indicated that he takes "no position" concerning this renewed motion.

Respectfully submitted,

Deirdre M. Daly
United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut  06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT339

Certification

I hereby certify that on March 11, 2015, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney