UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER and<br>GRIST MILL CAPITAL, LLC,<br><br>    Plaintiffs,<br><br>VS.<br><br>LYNN ALLEN, CHERI GARCIA,<br>TIMOTHY CORSI, JOHN DOES 1-100,<br>and JANE DOES 1-100,<br><br>    Defendants. | Docket No. 3:14CV741 (VAB)<br><br><br><br><br><br><br><br>June 2, 2017 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION TO CONTINUE STAY OF THIS CASE**

The Defendants, Lynn Allen, Cheri Garcia and Timothy Corsi (hereinafter "Federal Defendants"), by and through their undersigned counsel, hereby respectfully submit this memorandum in support of their supplemental motion to continue a stay of this case.

*I.    Current Procedural Status of Pending Cases*

There are currently three pending cases in this District which involve Daniel Carpenter (hereinafter "Carpenter"), related to his criminal offense-- this *Bivens* case; the underlying criminal case, styled *United States v. Daniel Carpenter*, Docket No. 3:13CR226 (RNC); and a second *Bivens* case, styled *Daniel Carpenter v. Shulman, et al.*, Docket No. 3:13CV563 (SRU).

*NO ORAL ARGUMENT REQUESTED*

This Court previously granted a stay of the instant *Bivens* case by its Ruling entered October 9, 2015 (PACER No. 28).

In the criminal case, a bench trial commenced on February 22, 2016, and culminated with a guilty verdict issued on June 7, 2016. (PACER No. 212). The parties in the criminal case are currently briefing post-conviction motions through July 14, 2017. Sentencing is scheduled for 21 days after the Court's rulings on those post-conviction motions. (PACER No. 224). Most recently, on May 23, 2017, Carpenter filed his *Motion for Reconsideration of Rule 60(b) Re: Motion to Suppress Evidence RE: Federal Search and Seizure by the IRS on April 20, 2010 and the Exhibits attached thereto*. (PACER No. 243). Carpenter has indicated that he will also be pursuing in the criminal case constitutional claims concerning the May 25, 2011 search and seizure, which was conducted by the Federal Defendants in this instant action.

In Carpenter's other pending *Bivens* case, the Court granted in part and denied in part the Federal Defendants' motion to dismiss on December 14, 2016. (PACER No. 92). Thus, in that case, discovery was permitted to commence and more recently, Carpenter was permitted to file his third amended complaint, on June 2, 2017. (PACER No. 114). Carpenter is now using the civil discovery obtained through the *Bivens* case pending before Judge Underhill to support arguments in his criminal case concerning the ongoing suppression issue.

    II.     Argument

The Federal Defendants hereby incorporate by reference their previous (renewed) motion for stay, and the legal authority contained therein. (PACER No. 25). This Court found in its previous Ruling granting a stay, that a stay was appropriate for three primary reasons. First, the overlap between the suppression of evidence issue raised in both the instant case and the criminal case is "substantial", and that denying a stay "could inappropriately expand the scope of discovery

permitted in the criminal case." (PACER No. 28, page 3). The suppression issue remains a substantial issue in all three cases, and the Federal Defendants' concerns regarding the adverse impact of civil discovery in the criminal case remain valid. The Federal Defendants' concerns are validated by Carpenter's recent use of civil discovery obtained in his second *Bivens* case (where a stay was denied), to support his ongoing arguments for suppression of evidence in his criminal case, thereby undermining the criminal case against him. (PACER No. 57).

The second factor this Court considered when it instituted a stay was the minimal prejudice to Carpenter, and that Carpenter did not oppose the stay at the time. This Court noted in its October, 2015 Ruling granting the stay that the criminal case appeared to be going forward at a reasonable pace. (PACER No. 28, page 4). Thus, Carpenter would not be prejudiced by an unduly lengthy delay in the criminal case impacting the instant case. Indeed, the criminal trial commenced only a few months after the stay was granted in this case. Sentencing was originally scheduled to occur almost a year ago, on August 26, 2016 (PACER No. 213). It is important to note however, that the subsequent delays in the criminal case (and the corresponding delay in the instant case), were due to *Carpenter's* numerous requests for extensions of time over the last year. (PACER Nos. 215, 219, 221, 223, 225, 235).

During the recent telephone conference scheduled *sua sponte* by this Court on April 25, 2017, Carpenter's counsel advised for the first time that he now opposes a stay because the criminal case has concluded, presumably based upon the verdict date of June 7, 2016. No explanation was offered as to why Carpenter (through counsel), waited a year after the "conclusion" of the criminal case to first voice concern about a continued stay-- a stay that has continued as a result of Carpenter's own actions in his criminal case. Nor was any explanation offered as to why Carpenter did not affirmatively seek relief over the last year, instead of only raising the concern when this

Court coincidentally scheduled a telephone conference. Moreover, while it is true that Carpenter has been criminally convicted and found guilty by this Court, the criminal case is far from over. Now pending in the criminal case is Carpenter's motion for reconsideration regarding the suppression issue-- a fundamental issue in both the criminal case and the related *Bivens* cases. Furthermore, sentence has not yet been imposed in the criminal case. There is also the likely potential for an appeal(s)[1] once the criminal judgment is imposed upon Carpenter.

The final factor previously considered by this Court when it initially approved a stay was its interest, and the public's interest, that the criminal matter be resolved first, to avoid duplication of efforts and inconsistent results. (PACER No. 28, pages 4-5). This equally remains a valid concern today. The suppression of evidence issue remains a hot-button issue in the criminal case, and is an issue in the instant matter. The Government's retention of documents and Carpenter's request for the return of those documents (based on Fed.R.Crim.P. 41), is pending in the instant case. This same issue was decided by this Court in favor of the Government in the criminal case, *see* PACER No. 155, pages 15-18; but was decided in favor of Carpenter in the other *Bivens* case, and is now the subject of a pending appeal. *See* footnote 1, below.

Therefore, the Federal Defendants respectfully request a continued stay based upon the foregoing factors initially identified by this Court. These factors are summarized as: (1) the overlap in the instant case and the criminal case as to the suppression issue, and the search and seizure issue; (2) the minimal prejudice of a continued stay to Carpenter, and that any delays in

---

[1] An appeal commenced by the Government is pending in the *Bivens* case pending before Judge Underhill, with oral argument scheduled on June 15, 2017. Docket No. 16-1036. The Government has appealed Judge Underhill's order granting Carpenter's motion for return of property pursuant to Fed.R.Crim.P. 41(g). Carpenter has raised this same claim for relief (i.e. motion for return of property pursuant to Rule 41(g)) in his complaint commencing the instant action. PACER No. 1, page 8.

the criminal case to date are attributable to Carpenter's own requests; and (3) avoiding duplication and inconsistent results in all three pending cases (and any appeals).

   *III.   Conclusion*

Based upon all of the foregoing reasons, and in the interest of justice, the Federal Defendants respectfully request that their supplemental motion for continued stay be granted, pending full resolution of the underlying criminal case.

                                                Respectfully submitted,

                                                Deirdre M. Daly
                                                United States Attorney

                                                      /s/

                                                Christine Sciarrino
                                               Assistant United States Attorney
                                               United States Attorney's Office
                                               157 Church Street -25th Floor
                                               New Haven, Connecticut   06510
                                               Tel. (203) 821-3780/Fax (203) 773-5315
                                               Email: Christine.Sciarrino@usdoj.gov
                                               Federal No. CT339

<u>Certification</u>

I hereby certify that on June 2, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney