16-1036-cv
*Carpenter v. Koskinen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand seventeen.

PRESENT:   RALPH K WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                   *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DANIEL CARPENTER and
GRIST MILL CAPITAL, LLC,
           *Plaintiffs-Appellees*,

                    v.                                  16-1036-cv

JOHN KOSKINEN, COMMISSIONER OF INTERNAL
REVENUE SERVICE,
           *Defendant-Appellant*,

DOUGLAS SHULMAN, COMMISSIONER, INTERNAL
REVENUE SERVICE, VICTOR SONG, CHIEF, CRIMINAL
INVESTIGATIONS DIVISION, INTERNAL REVENUE
SERVICE, STEVEN MILLER, COMMISSIONER, INTERNAL
REVENUE SERVICE, SHAUN SCHRADER, CRIMINAL
INVESTIGATION DIVISION, INTERNAL REVENUE

SERVICE, UNKNOWN IRS AGENTS, 72, CRIMINAL
INVESTIGATION DIVISION, LANNY BREUER, JOHN DOE,
1 TO 72, JANE DOE, 1 TO 72,

                        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE DANIEL CARPENTER: | JEFFERY P. NICHOLS (David Slossberg, *on the brief*), Hurwitz, Sagarin, Slossberg & Knuff, LLC, Milford, Connecticut. |
| FOR PLAINTIFF-APPELLEE GRIST MILL CAPITAL, LLC: | JONATHAN EINHORN, New Haven, Connecticut, *and* Norman Pattis, *on the brief*, The Pattis Law Firm, LLC, New Haven, Connecticut. |
| FOR APPELLANT UNITED STATES: | MARK DETERMAN (Gregory Victor Davis, Attorney, Tax Division, *on the brief*), *for* Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, Tax Division, *and* S. Robert Lyons, Acting Chief, Criminal Appeals & Tax Enforcement Policy Section, *and* Deidre M. Daly, United States Attorney for the District of Connecticut, of counsel. |

      Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED** to the district court for further proceedings.

The Government, sued herein as John Koskinen, Commissioner of the Internal Revenue Service, appeals from the order of the district court entered June 4, 2015 (the "June 4 Order"), denying the Government's Motion to Dismiss and Motion for Summary Judgment, and ordering the return to plaintiffs-appellees Daniel Carpenter and Grist Mill Capital, LLC of certain documents and the destruction of certain documents seized pursuant to a search warrant from 100 Grist Mill Road, Simsbury, Connecticut.

The Government also appeals an order issued by the district court on February 5, 2016 (the "February 5 Order"), denying the Government's Motion for Reconsideration of the June 4 Order, "without prejudice to renewal following the Second Circuit's ruling in *United States v. Ganias*, 755 F.3d 125 (2d Cir. 2014), *reh'g en banc granted*, 791 F.3d 290 (2d Cir. 2015)." At the same time, the district court stayed the June 4 Order "pending further order." In the meantime, on December 24, 2015, in a criminal case against Carpenter, Judge Chatigny denied a similar Rule 41(g) motion. *See United States v. Carpenter*, No. 3:13-CR-226 (RNC), 2015 WL 9461496, at *6-7 (D. Conn. December 24, 2015).

There have been a number of developments since the district court's orders. The original *Ganias* panel decision, which the district court relied on in its June 4 Order, has since been vacated by the *en banc* Court. *See United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016). In the criminal case, Carpenter was convicted on all counts on

June 6, 2016. *See United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016). He has not been sentenced. At oral argument, the parties' disagreement regarding return of the documents appeared to have narrowed. The Government noted that, subject to chain of custody concerns, it objects only to returning documents relevant to the criminal proceedings. Plaintiffs' counsel acknowledged that they do not object to the retention of these documents as long as the criminal proceedings are pending, and that plaintiffs currently seek only the return of documents not relevant to the criminal proceedings. As for chain of custody concerns, the parties suggested at oral argument that they may be able to reach an agreement to preserve the chain of custody.

This case presents difficult issues of appellate jurisdiction. We need not, however, resolve these issues, as we remand for the district court to consider the changed circumstances discussed above. In its February 5 Order, the district court stayed its June 4 Order, and that stay remains in place. Should the stay be lifted, however, the Government may ask this Court to hear the matter immediately. On remand, the district court may wish to consider having both the civil and criminal cases heard by one judge, as it appears there are now conflicting orders in place.

Accordingly, we **REMAND** this matter to the district court for further proceedings consistent with this order. This panel will retain jurisdiction over any subsequent appeal pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The restoration of jurisdiction will be automatically triggered by a letter from any party

- 5 -

seeking review of the district court's actions on remand, submitted to the Clerk of the Court within fourteen days of the district court's decision. *See id.* The Clerk shall reassign the appeal to this panel, without need for any party to file a new notice of appeal. The Clerk shall set an expedited briefing schedule for the submission of supplemental letter briefs.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
**CHIEF JUDGE**

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

Date: June 29, 2017
Docket #: 16-1036cv
Short Title: Carpenter v. Schulman

DC Docket #: 13-cv-563
DC Court: CT (NEW HAVEN)
DC Judge: Underhill

**BILL OF COSTS TRANSMITTAL**

To: ADMINISTRATIVE ATTORNEY

From: Hezekiah    Ext: 8561
_____


A copy of the docket sheet and the bill of costs in the above captioned case is being sent to you for the preparation of the statement of costs.
The mandate is due on July 20, 2017.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: June 29, 2017
Docket #: 16-1036cv
Short Title: Carpenter v. Schulman

DC Docket #: 13-cv-563
DC Court: CT (NEW HAVEN)
DC Judge: Underhill

# BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
* be filed within 14 days after the entry of judgment;
* be verified;
* be served on all adversaries;
* not include charges for postage, delivery, service, overtime and the filers edits;
* identify the number of copies which comprise the printer's unit;
* include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
* state only the number of necessary copies inserted in enclosed form;
* state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
* be filed via CM/ECF or if counsel is exempted with the original and two copies.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
**CHIEF JUDGE**

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

Date: June 29, 2017
Docket #: 16-1036cv
Short Title: Carpenter v. Schulman

DC Docket #: 13-cv-563
DC Court: CT (NEW HAVEN)
DC Judge: Underhill

# VERIFIED ITEMIZED BILL OF COSTS

Counsel for
_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the
_____

and in favor of
_____

for insertion in the mandate.

Docketing Fee           _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ \_\_\_\_) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature