UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER and GRIST MILL CAPITAL, LLC, : : Plaintiffs, : : VS. : : LYNN ALLEN, CHERI GARCIA, TIMOTHY CORSI, JOHN DOES 1-100, : and JANE DOES 1-100, : : Defendants. | Docket No. 3:14CV741 (SRU)  November 18, 2021 |

**NOTICE CONCERNING DESTRUCTION OF
SEIZED DOCUMENTS**

On November 16, 2021, during a status conference, the Court inquired of the parties whether it should order the destruction of documents seized during the May 26, 2011 search at 100 Grist Mill Road in Simsbury, Connecticut. Undersigned Defendants' counsel agrees that destruction may ultimately be appropriate, but writes to notify this Court of the United States' objection to an order for destruction of the documents at this time and under the current circumstances, particularly Carpenter's recent filing under 28 U.S.C. § 2255 seeking to set aside his conviction and sentence.[1]  As this Court is aware, the material seized by the Government in

---

[1] As a preliminary matter, the Government does not believe that Carpenter or Grist Mill Capital ("GMC") have standing to demand the return of the vast majority of the seized documents, which are the property of the other businesses at 100 Grist Mill Road, not the property of Carpenter or GMC. *See*, *e.g.*, *Ferreira v. United States*, 354 F. Supp. 2d 406, 411 n.1 (S.D.N.Y. 2005) (denying motion for return of property because defendant "has failed to establish the threshold issue of ownership as to any of the material[.]"); *see also United States v. Carpenter*, No. 3:13cr226(RNC), 2015 WL 9461496, at *7 (D. Conn. Dec. 24, 2015) (stating that Carpenter "has not established that he has standing to return the vast majority of documents, which are in the nature of corporate records."); *United States v. Carpenter*, Case No. 3:13-CR-226-RNC, Doc. No. 352-9 at 48-49 (observing that in addition to GMC, "there are several hundred companies that operate out of 100 Grist Mill Road[.]").

executing the search warrant on May 26, 2011 at 100 Grist Mill Road in Simsbury, Connecticut, has been maintained as part of the Government's prosecution of Daniel Carpenter.

It is a "generally-accepted rule that a district court cannot order the return of property on a Fed. R. Crim. P. 41(g) motion when the government has a continuing need for the property as evidence." *United States v. $16,072.00 in U.S. Currency,* 374 F. Supp. 3d at 205, 209 (N.D.N.Y. 2019) (citing *United States v. Gotti*, 244 F.Supp.2d 120, 124 (E.D.N.Y. 2003)). Such continuing need may be established where the Government will need the evidence in post-conviction proceedings. *See United States v. Stoune*, No. 19-14585, 2021 WL 141330, at *3 (11th Cir. Jan. 15, 2021) ("because [defendant's] 28 U.S.C. § 2255 motion to vacate remains pending, we cannot say that the government will not need these items if there is a new trial."); *United States v. Alford*, 805 Fed. App'x 924, 926 (11th Cir. 2020) ("The Government has a legitimate need to retain the evidence until Alford exhausts his post-conviction remedies because it would need the evidence at a new trial if his motion to vacate is successful."), *cert. denied*, 141 S. Ct. 1251 (2021); *United States v. Davis*, 749 Fed. App'x 618, 619 n.1 (9th Cir. 2019) ("The district court properly denied Davis's motion to return the remaining items of property in light of the government's explanation that it was retaining the property in connection with Davis's pending habeas corpus proceedings under 28 U.S.C. § 2255."); *United States v. Garcon*, 406 F. App'x 366, 368 (11th Cir. 2010) (finding Petitioner was not entitled to return of two items of property because the items would be needed as evidence at a retrial in the event Petitioner was able to successfully overturn his conviction in pending 2255 proceedings); *United States v. Reyes*, No. CR06-5005 FDB, 2010 WL 996416, at *2 (Mar. 15, 2010) (W.D. Wash. Mar. 15, 2010) (denying return of property because defendant's § 2255 proceeding was still pending and thus, property "retain[ed] their relevant evidentiary value should Defendant ... succeed in having his sentence vacated and obtaining a

trial"); *Sosa-Pintor v. United States*, No. 4:19-CV-033-MAC-CAN, 2019 WL 2273758, at *2 (E.D. Tex. Apr. 22, 2019), *rec. adopted*, No. 4:19-CV-33, 2019 WL 2267293 (E.D. Tex. May 24, 2019) (defendant's pending 2255 motion constitutes a legitimate reason for continued possession of the seized evidence); *United States v. Cobb*, No. 8:14-cr-123-T-36MAP, 2017 WL 3499257, at *3 (M.D. Fla. Aug. 16, 2017) ("[t]he Government's need for the Property as evidence has not ceased since [petitioner] may still file a 2255 civil action related to his criminal case").

Here, Carpenter's latest and ongoing efforts to undermine his convictions render destruction of evidence premature. Most recently, on November 5, 2021, Carpenter filed a motion under 28 U.S.C. § 2255 seeking to set aside his conviction and sentence. *See Carpenter v. United States*, Case No. 3:21cv1485(RNC), Doc. 1.

*First*, should Carpenter be successful in vacating his many convictions—as unlikely as that may be—the Government would need access to the seized documents to prepare for a second trial. In such a second trial the Government would be free to offer any evidence available to it, regardless of whether that evidence was offered in the first trial. This is particularly true here, where Carpenter opted for a bench trial in his first trial and may very well opt for a jury in any retrial. Moreover, Carpenter would be free in a retrial to advance different defenses than those offered in the first trial, and the Government is entitled to rebut those defenses with the full panoply of evidence gathered in its investigation, including materials lawfully seized by search warrant.

*Second*, the arguments advanced by Carpenter in his memorandum in support of his § 2255 petition (Case No. 3:21cv1485(RNC), Doc. 1-1, hereinafter "§ 2255 Memorandum") directly implicate the seized documents. Among other things, Carpenter claims that the executing agents exceeded the scope of the search warrant, Petition at 38, a claim that may require access to the documents actually seized. Carpenter also claims that he was denied access to *Brady* material.

Petition at 40-43. While Carpenter is somewhat cryptic about which material he believes was withheld, it will be important to have access to all the Government's evidence in order to rebut any claim of a discovery failure.

*Third*, Carpenter's motion for release of grand jury minutes (*Carpenter*, Case No. 3:23CR226, Doc. Nos. 538 at 3, 538-1 at 2, 5-6, & 542), still pending in the district court, claims that the Government lied to the grand jury and that evidence the Government seized during the two searches included exculpatory evidence that the Government withheld from the grand jury. *See* Carpenter, Doc. Nos. 538 at 3, 538-1 at 2, 5-6, & 542. The Government may need the seized evidence to defend these claims if the district court opts to entertain the motion.

*Fourth*, Carpenter has a pending appeal of the district court's restitution order in his criminal case. *See Carpenter*, Case No. 3:23CR226, Doc. 475 (notice of appeal); *United States v. Carpenter*, Case No. 19-674 (2d Cir.). On June 6, 2019, the Second Circuit ordered that appeal held in abeyance while the district court considers the Government's motion for an amended restitution order. Should the Government have to litigate further the issue of restitution, either in relation to the district court's current consideration of an amended order or following appeal, the Government would need access to the seized documents.

*Fifth*, in light of the Plaintiffs' indication at the November 16, 2021 status conference that they intend to pursue discovery concerning the seized documents, the documents may now be needed in this litigation. Plaintiffs seek compensatory and punitive damages partially based on allegations that "defendants seized items beyond what was authorized, including income tax filings, banking, insurance policies and other personal information of Mr. Carpenter's wholly unrelated to any conceivable violation of any law or pursuant to any lawful purpose of the search." Doc. No. 1 at ¶ 16. They also contend that the materials seized by the DOL improperly included

"attorney-client privileged communications between Mr. Carpenter and his counsel regarding the prosecution of a criminal case then pending in the United States District Court for the District of Massachusetts bearing docket number 1:04-cr-10029." *Id.* at ¶ 19. Plaintiffs specifically fault defendant Corsi for purportedly taking "among other items beyond the lawful reach of the warrant, confidential information regarding Mr. Carpenter's life insurance policies, personal tax returns, and Mr. Carpenter's homeowner[']s insurance policy." *Id.* at ¶ 24. Thus, the Defendants may need the seized evidence to respond to Plaintiffs' anticipated discovery request, and/or to defend the remaining *Bivens* claims.

*Sixth*, Carpenter has given the Court every reason to believe that further litigation will be forthcoming that will also implicate the seized documents. In his mail- and wire-fraud prosecution in the District of Massachusetts, which was affirmed by the First Circuit in 2015, *see United States v. Carpenter*, 781 F.3d 599 (1st Cir. 2015), Carpenter filed a section 2255 petition, and, to this day, still seeks to vacate that 19-count conviction, $14,053,715.52 forfeiture order, and 36-month sentence. *See United States v. Carpenter*, 2019 WL 722631 (D. Mass. Feb. 20, 2019), *appeal docketed*, No. 20-2133 (1st Cir. Dec. 1, 2020). Most recently, Carpenter appealed the district court's denial of a writ of *audita quarela* to vacate his conviction, and in the alternative to issue a writ of *coram nobis*, or to dismiss for lack of subject matter jurisdiction. The Government does not believe that these types of frivolous filings, to the extent Carpenter will make them in his Connecticut criminal case, will be successful. However, the Government will nonetheless have to defend against them. Moreover, Carpenter cannot have it both ways—he cannot both demand return (or destruction) of the Government's lawfully seized evidence at the same he continues to file motions that implicate that evidence. Were Carpenter to commit to forbearing on making such claims going forward, and the Court was inclined to enforce that commitment, the Government

would consider destroying the seized evidence and closing its file.[2]  In the meantime, the Government must be able to defend itself against Carpenter's myriad attacks, and must maintain all of the evidence against him, including the seized documents.

Respectfully submitted,

Leonard C Boyle
Acting United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

---

[2] As previously explained, the Government objects to any *return*, as opposed to destruction, of seized property given that much of the material contains the personal financial and medical information of third parties that Carpenter gained access to through his fraud.

Certification

I hereby certify that on November 18, 2021, a copy of the foregoing Notice was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney