UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DANIEL E. CARPENTER and
GRIST MILL CAPITAL, LLC,

Plaintiffs,

Docket No. 3:14CV741 (SRU)

VS.

LYNN ALLEN, CHERI GARCIA,
TIMOTHY CORSI, JOHN DOES 1-100,
and JANE DOES 1-100,

Defendants.

## DECLARATION OF LYNN E. ALLEN

I, Lynn E. Allen, make this declaration under penalty of perjury as permitted under Section 1746 of Title 28 of the United States Code.

1. I am a Special Agent of the U.S. Department of Labor, Office of Inspector General (DOL-OIG), and have been so employed since December 2003. Prior to joining DOL-OIG, I was a Special Agent with the U.S. Department of Agriculture, Office of Inspector General, for 6 years. My duties as a Special Agent include investigating violations of federal law, and more specifically as it pertains to this matter, violations of Title 18, United States Code, Sections 1341, 1343 and 1033.

2. I am the DOL-OIG case agent assigned to the lengthy investigation and prosecution of Charter Oak Trust, and related entities and individuals, including Daniel Carpenter. A case agent is the lead investigator who designs investigative strategy, serves subpoenas, identifies individuals who may be interviewed, develops suspects, proposes charges for

indictment, drafts operation plans for search warrant execution, conducts pre-search warrant briefing for participating agents, and generally manages a criminal investigation from initial receipt through prosecution. Nonetheless, the search warrant application and execution were required to be approved by a supervisor or counsel attorney.

3. This investigation established that Charter Oak Trust and its principals and employees engaged in an insurance fraud scheme.

4. As a case agent of the Charter Oak Trust investigation, I submitted an affidavit in support of a search warrant for the Charter Oak Trust office located at 100 Grist Mill Road in Simsbury, Connecticut. I submitted my sworn 60-page affidavit, with attached description of the premises to be searched and the items to be seized, to Judge Joan G. Margolis of the United States District Court on May 25, 2011. The search warrant, affidavit and exhibits are attached hereto as Exhibit 1. The search warrant affidavit was drafted by me, with assistance from the co-case investigator assigned by the U.S. Department of Labor, Employee Benefits Security Administration (EBSA), and the prosecutor. *See* Operational Plan, Exhibit 2 at 12 (designating me and EBSA Investigator as co-case agents). The Assistant Special Agent in Charge Cheryl Garcia (ASAC Garcia), who was my supervisor at the time, also reviewed it.

5. The search warrant affidavit was based upon my personal knowledge and upon records and information that had previously been obtained by investigation, subpoena, interview and/or provided by other law enforcement officers. The information contained within the affidavit is true to the best of my knowledge, and I at all times acted reasonably to assure the accuracy and truth of the statements therein.

6. Judge Margolis found that there was probable cause to believe that evidence of criminal violations of 18 U.S.C. §§ 1033, 1341 and 1343 was located at 100 Grist Mill Road, and she therefore approved the search warrant for execution.

7. I drafted the Operational Plan with the assistance of ASAC Garcia in preparation for the search of 100 Grist Mill Road. The mission statement of the Operational Plan was to "[s]afely execute search warrant on Charter Oak Trust, 100 Grist Mill Road, Simsbury, Connecticut." Exhibit 2 at 1. Since my co-case agent was an EBSA Investigator, the EBSA Search Team personnel had access to and reviewed the Operational Plan prior to May 26, 2011.

8. DOL-OIG executed search warrants at three different locations in Connecticut related to the Charter Oak Trust investigation. I was not assigned to the 100 Grist Mill Road, Simsbury, Connecticut search and therefore I was not physically present at 100 Grist Mill Road on the day of the search-- May 26, 2011. On the day of the search, I was in telephone contact with members of the search team for 100 Grist Mill Road, and the search teams for the remaining locations. I coordinated a briefing time commencing at 9:00 a.m., and an entry time of 10:00 a.m. for all three locations. *See* Operational Plan, Exhibit 2 at 1, "briefing date and time." I confirmed that every member of the search team assigned to 100 Grist Mill Road had reviewed the Operational Plan and Attachment D to the search warrant. Exhibits 1, 2. All team members assigned to the 100 Grist Mill Road search, including ASAC Garcia and Investigator Timothy Corsi, signed a sheet confirming that they reviewed Attachment D to the search warrant. The confirmation sheet is maintained in my case file.

9. Prior to May 26, 2011, I was responsible for, and did conduct, a detailed briefing about the facts of the Charter Oak Trust investigation and the planned search of the Simsbury Site to the Team Leader and Site Supervisor (ASAC Garcia). It is untrue that I authorized ASAC Garcia to interrogate Daniel Carpenter during the search on May 26, 2011, as is alleged in the Complaint in this matter, ECF No. 1 at 6, ¶ 26. ASAC Garcia was my supervisor at the time of the search and I had no supervisory authority concerning ASAC Garcia. The Operational Plan provided that "[i]f targets stay, assigned agents will conduct interviews if directed to do so with questions to be provided by Case Agent Lynn Allen." Exhibit 2 at 9. I was not contacted on May 26, 2011 to provide interview questions for Carpenter or anyone else at the Simsbury site, nor do I have any personal knowledge that Carpenter was interviewed during the search of the Simsbury site.

10. Furthermore, pursuant to DOL-OIG policy at the time, there must be a written record of all interviews, using an "OIG-103" form. Interviews need not be recorded verbatim. Instead, a special agent is directed to take notes of the important points and then prepare a written report of the interview and notes within five business days of the interview, using the OIG-103 form. The original OIG-103, with the special agent's notes attached, is then placed in a large envelope in the case file. I have reviewed the case file and there is no OIG-103 in the case file that would indicate that Carpenter was interviewed by any special agent or investigator during the execution of the search warrant on May 26, 2011.

11. During the course of my review of the case file, I did find a memorandum to the file from Special Agent Shannon Woolard, dated May 31, 2011, who was assigned to the search of the Simsbury site on May 26, 2011. Operational Plan, Exhibit 2 at 12. Special Agent

Woolard's memorandum confirms that she and ASAC Garcia were with Carpenter during the search of the Simsbury site and that Carpenter made spontaneous utterances and used the telephone. Exhibit 3.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on this 14th day of February, 2022 at Wallingford, Connecticut.

LYNN E. ALLEN
Special Agent
U.S. Department of Labor, Office of Inspector General