# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER and<br>GRIST MILL CAPITAL, LLC, | : |
| Plaintiffs, | Docket No. 3:14CV741 (SRU) |
| VS. | : |
| LYNN ALLEN, CHERI GARCIA,<br>TIMOTHY CORSI, JOHN DOES 1-100,<br>and JANE DOES 1-100, | : |
| Defendants. | February 15, 2022 |

## DEFENDANTS LYNN ALLEN, CHERI GARCIA AND TIMOTHY CORSI'S LOCAL RULE 56(a)(1) STATEMENT

The Defendants, Special Agent Lynn Allen, Assistant Special Agent in Charge, Cheryl Garcia, and Investigator Timothy Corsi, in accordance with Local Rule 56(a)(1), submit the following statement of facts in support of their motion for summary judgment.

1. Assistant Special Agent in Charge Cheryl Garcia ("ASAC Garcia") of the U.S. Department of Labor, Office of Inspector General (DOL-OIG) was an ASAC from 2005-2014. Prior to 2005, ASAC Garcia was a DOL-OIG Special Agent from 1995 – 2005. ASAC Garcia retired from DOL-OIG in good standing in August 2019. ASAC Garcia was assigned to the Charter Oak Trust investigation and was the immediate supervisor of Special Agent Lynn Allen ("Special Agent Allen") during the Charter Oak Trust investigation. Garcia Declaration ("Decl. __") ¶ 1.

2. Special Agent Allen has served as a Special Agent of DOL-OIG from December 2003 to the present. Special Agent Allen's duties as a Special Agent include investigating violations of federal law, and more specifically as it pertains to this matter, violations of Title 18, United States Code, Sections 1341, 1343 and 1033. Allen Decl., ¶ 1.

3. Special Agent Allen was the DOL-OIG case agent assigned to the Charter Oak investigation. Allen Decl., ¶ 2.

4. The investigation established that Charter Oak Trust and its principals and employees, which included Daniel Carpenter, were engaged in an insurance fraud scheme. Allen Decl., ¶ 3, *United States v. Daniel Carpenter,* Docket No. 3:13CR226 (RNC), ECF No. 212 (Verdict and Special Findings).

5. As part of Special Agent Allen's duties as a case agent assigned to the Charter Oak Trust investigation, she prepared an affidavit in support of a search warrant for the Charter Oak Trust's office, located at 100 Grist Mill Road in Simsbury, Connecticut ("the Simsbury site"). Allen Decl., ¶ 4.

6. A proposed search warrant, together with Special Agent Allen's affidavit was submitted to the District Court. The District Court, through Judge Margolis, U.S.M.J., found probable cause to believe that evidence of criminal violations of 18 U.S.C. §§ 1033, 1341 and 1343 was located at 100 Grist Mill Road, Simsbury, Connecticut ("the Simsbury site"), and she therefore issued the search warrant. Allen Decl. ¶ 6, *United States v. Sealed Search Warrant,* Docket No. 3:18-mj-58 (JGM), ECF No. 2 at 1; and Docket No. 3:18-mj-59 (JGM), ECF No. 1, (unsealed search warrant).

7. Special Agent Allen also drafted an Operational Plan with the assistance of Assistant ASAC Garcia in preparation for execution of the search warrant at the Simsbury site on May 26, 2011. Allen Decl. at ¶ 7, Garcia Decl. at ¶ 2. *See* Exhibit 1, attached hereto.

8. On May 26, 2011-- the day of the execution of multiple search warrants in the Charter Oak Trust investigation, Special Agent Allen was not present at the Simsbury site. Allen Decl., ¶ 8, Garcia Decl. ¶ 5, Investigator Corsi ("Corsi") Decl. ¶ 2, Carpenter Response to Request for Admission Nos. 1, 2 (filed herewith).

9. ASAC Garcia was present at the Simsbury site on May 26, 2011 and acted as the Site Supervisor during the execution of the search warrant. As the Site Supervisor, ASAC Garcia briefed all Special Agents and Investigators on the Search Team assigned to search the Simsbury site. The pre-briefing began at approximately 9:00 a.m. at a designated pre-briefing site, located near the Simsbury site. The pre-briefing included a review of the Operational Plan and the Search Warrant. Garcia Dec. ¶ 4, Corsi Decl. ¶ 3, Operational Plan, Exhibit 1 at 1.

10. After the pre-briefing concluded on May 26, 2011, the Entry Team proceeded to execute the search warrant and entered the Simsbury site. ASAC Garcia was on the Entry Team. Investigator Corsi was not assigned to the Entry Team, and waited outside while the Entry Team conducted a security sweep. Garcia Decl. ¶ 6, Corsi Decl. ¶ 5, Operational Plan, Exhibit 1 at 8.

11. Daniel Carpenter ("Carpenter") was not present at the Simsbury site when the search began on May 26, 2011. Garcia Decl. ¶ 7.

12. The Entry Team at the Simsbury site identified itself as law enforcement and completed a visual security sweep of the Simsbury site. The security sweep was completed at

approximately 10:24 a.m., at which time a designated special agent photographed the premises in accordance with the Operational Plan. Garcia Decl. ¶ 7 and Exhibit 2 to Garcia Decl. (confirming email from ASAC Garcia to Special Agent Allen).

13. No individuals, including Carpenter, were permitted to either enter or leave the Simsbury site during the security check. Garcia Decl. ¶ 8.

14. Sometime after the security sweep was completed at 10:24 a.m., Carpenter arrived at the Simsbury site and requested to be admitted into the building. Carpenter was permitted to enter the building and was advised that if he chose to remain at the Simsbury site during the search, he would need to remain in a designated area, which was a conference room at the front of the building. Garcia Decl. ¶ 8, Operational Plan, Exhibit 1 at 9 ("If subjects are present, separate targets and limit their movements to a secured area during the conduct of the search.")

15. Carpenter advised the Search Team that he was expecting his attorney, Gerald Giaimo (hereinafter "Giaimo") to also arrive at the Simsbury site. Garcia Decl. ¶ 8.

16. ASAC Garcia and another Special Agent (Special Agent Shannon Woolard) remained with Carpenter in the conference room until Carpenter and Giaimo left the Simsbury site later on May 26, 2011. Garcia Decl. ¶ 8 and Exhibit 3 to Garcia Decl., Exhibit 3 to Corsi Decl. ("Woolard Memo"), and Deposition of Gerald Giaimo, (hereinafter cited by page number only) at 9-10, lines 24-9.

17. While in the conference room with Carpenter, ASAC Garcia observed Carpenter review a copy of the search warrant attachment (Attachment D). Garcia Decl. ¶ 9 and Exhibit 3 to Garcia Decl. ("Garcia Memo").

18. ASAC Garcia and Special Agent Woolard also observed Carpenter engage in a telephone conversation while he waited in the front conference room. Allen Decl. ¶ 11 and Exhibit 3, Garcia Decl. ¶ 10 and Exhibit 3, Carpenter's Response to Request for Admission No. 5.

19. ASAC Garcia and Special Agent Woolard noted spontaneous utterances from Carpenter, and Carpenter's telephone conversation. Garcia Decl. ¶ 11 and Exhibit 3 (Garcia Memo), Allen Decl., Exhibit 3 (Woolard Memo).

20. Giaimo arrived at the Simsbury site by 11:07 a.m. on May 26, 2011. Garcia Decl., Exhibit 5.

21. Neither Giaimo nor Carpenter were prevented from making a telephone call while they were in the front conference room during the execution of the search warrant on May 26, 2011. Giaimo at 8, lines 10-14, Garcia Decl. ¶ 11.

22. The Operational Plan provided that special agents could not interview Carpenter during the search of the Simsbury site unless they were directed to do so, and obtained interview questions from Special Agent Allen. Operational Plan, Exhibit 1 at 9.

23. ASAC Garcia did not interview Carpenter, did not observe Carpenter being interviewed, and did not request interview questions from Special Agent Allen while Carpenter remained in the conference room during the search. Allen Decl. ¶¶ 9, 10, Garcia Decl. ¶¶ 12, 15, 16.

24. No one from the Simsbury site Search Team requested interview questions from Special Agent Allen. Allen Dec. ¶ 9.

25. ASAC Garcia did not place Carpenter into custody, nor observe Carpenter being placed into custody on May 26, 2011. Garcia Decl. ¶ 9, Giaimo at 7-8, lines 25-2.

26. Carpenter and Giaimo left together in the afternoon of May 26, 2011. Giaimo at 6-7, lines 24-3.

27. Carpenter voluntarily returned later in the day on May 26, 2011 and was permitted to briefly re-enter the building to retrieve some personal items. Corsi Decl. ¶ 8.

28. Investigator Corsi maintained an inventory of all items that he determined were subject to seizure. Corsi Decl. ¶ 10, *United States v. Sealed Search Warrant,* Docket No. 3:18-mj-58 (JGM), ECF No. 3 at 14, 16, 21, 23-24, 28-30, 75, 80-81, 99, 113-114, 128-133, 135-136, 139-143 (return of search warrant).

29. The search warrant authorized the seizure of Carpenter's income tax returns, banking documents and all books and records, including billing statements. Corsi Decl. ¶¶ 11-15 and Exhibit 2 (Attachment D).

30. No physical damage occurred during the execution of the search at the Simsbury site on May 26, 2011. Garcia Decl. ¶ 18, Corsi Dec. ¶ 16, Giaimo at 9, lines 8-10, and at 10-11, lines 24-1, contemporaneous photographs taken immediately before and after the execution of the search warrant, Exhibit 7A and 7B to Garcia Decl.

31. Carpenter has not claimed any amount of physical damages to the Simsbury site. Carpenter Response to Interrogatories 4, 5 (attached hereto), and Damages Analysis filed in *Carpenter v. United States,* Docket No. 3:21CV1485 (RNC), ECF No. 1-2, at 2-6. *Compare* ECF No. 94.

Respectfully submitted,

For Defendants Lynn Allen, Cheryl Garcia and Timothy Corsi,


Leonard C Boyle
United States Attorney

    /s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

<u>Certification</u>

I hereby certify that on February 15, 2022, a copy of the foregoing Statement was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney