UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL CARPENTER and<br>GRIST MILL CAPITAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LYNN ALLEN, CHERI GARCIA,<br>TIMOTHY CORSI, JOHN DOES 1-100,<br>and JANE DOES 1-100,<br><br>Defendants. | Civil No. 3:14-cv-741 (SRU)<br><br><br><br><br><br><br><br><br><br>MARCH 9, 2022 |

## PLAINTIFF DANIEL E. CARPENTER'S LOCAL RULE 56(a)(2) STATEMENT OF FACTS IN OPPOSITION TO SUMMARY JUDGMENT

**THE PLAINTIFF, DANIEL E. CARPENTER,** hereby responda to the Defendants' statement of facts as follows:

1. Assistant Special Agent in Charge Cheryl Garcia ("ASAC Garcia") of the U.S. Department of Labor, Office of Inspector General (DOL-OIG) was an ASAC from 2005-2014. Prior to 2005, ASAC Garcia was a DOL-OIG Special Agent from 1995 – 2005. ASAC Garcia retired from DOL-OIG in good standing in August 2019. ASAC Garcia was assigned to the Charter Oak Trust investigation and was the immediate supervisor of Special Agent Lynn Allen ("Special Agent Allen") during the Charter Oak Trust investigation. Garcia Declaration ("Decl. ___") ¶ 1.

> **Response:** Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact. In their Rule 56(a) submission of "undisputed" facts, the Defendants submit 31 separate statements that they suggest are undisputed. Respectfully, not only does the Plaintiff Daniel E. Carpenter deny and dispute the materiality of each and every one of the Defendants' suggestions of "undisputed" facts, many of the "facts" are entirely irrelevant to the validity of the Search Warrant or the legality of the Search itself.

1

2. Special Agent Allen has served as a Special Agent of DOL-OIG from December 2003 to the present. Special Agent Allen's duties as a Special Agent include investigating violations of federal law, and more specifically as it pertains to this matter, violations of Title 18, United States Code, Sections 1341, 1343 and 1033. Allen Decl., ¶ 1.

>  **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.**

3. Special Agent Allen was the DOL-OIG case agent assigned to the Charter Oak investigation. Allen Decl., ¶ 2.

> **Response: Admitted, but irrelevant.**

4. The investigation established that Charter Oak Trust and its principals and employees, which included Daniel Carpenter, were engaged in an insurance fraud scheme. Allen Decl., ¶ 3, United States v. Daniel Carpenter, Docket No. 3:13CR226 (RNC), ECF No. 212 (Verdict and Special Findings).

> **Response: Denied. Plaintiff Daniel E. Carpenter also denies and disputes the materiality of this statement. Moreover, Wayne Bursey was the Trustee of the Charter Oak Trust and Plaintiff Carpenter was not a principal or employee of the Charter Oak Trust.**

5. As part of Special Agent Allen's duties as a case agent assigned to the Charter Oak Trust investigation, she prepared an affidavit in support of a search warrant for the Charter Oak Trust's office, located at 100 Grist Mill Road in Simsbury, Connecticut ("the Simsbury site"). Allen Decl., ¶ 4.

> **Response: Admitted.**

6. A proposed search warrant, together with Special Agent Allen's affidavit was submitted to the District Court. The District Court, through Judge Margolis, U.S.M.J., found probable cause to believe that evidence of criminal violations of 18 U.S.C. §§ 1033, 1341

and 1343 was located at 100 Grist Mill Road, Simsbury, Connecticut ("the Simsbury site"), and she therefore issued the search warrant. Allen Decl. ¶ 6, United States v. Sealed Search Warrant, Docket No. 3:18-mj-58 (JGM), ECF No. 2 at 1; and Docket No. 3:18-mj-59 (JGM), ECF No. 1, (unsealed search warrant)

> **Response: Admitted, but irrelevant. But according to the Docket Number cited the Defendants the Search Warrant Affidavit was not unsealed by Judge Margolis until March of 2020, thereby making this statement irrelevant as well as immaterial.**

7. Special Agent Allen also drafted an Operational Plan with the assistance of Assistant ASAC Garcia in preparation for execution of the search warrant at the Simsbury site on May 26, 2011. Allen Decl. at ¶ 7, Garcia Decl. at ¶ 2. See Exhibit 1, attached hereto.

> **Response: Admitted.**

8. On May 26, 2011-- the day of the execution of multiple search warrants in the Charter Oak Trust investigation, Special Agent Allen was not present at the Simsbury site. Allen Decl., ¶ 8, Garcia Decl. ¶ 5, Investigator Corsi ("Corsi") Decl. ¶ 2, Carpenter Response to Request for Admission Nos. 1, 2 (filed herewith).

> **Response: Admitted, but irrelevant.**

9. ASAC Garcia was present at the Simsbury site on May 26, 2011 and acted as the Site Supervisor during the execution of the search warrant. As the Site Supervisor, ASAC Garcia briefed all Special Agents and Investigators on the Search Team assigned to search the Simsbury site. The pre-briefing began at approximately 9:00 a.m. at a designated pre-briefing site, located near the Simsbury site. The pre-briefing included a review of the Operational Plan and the Search Warrant. Garcia Dec. ¶ 4, Corsi Decl. ¶ 3, Operational Plan, Exhibit 1 at 1.

> **Response:** Admitted, but irrelevant. But moreover, the pre-briefing was done on property owned by affiliates of Grist Mill Capital and Mr. Carpenter; so they admit to trespassing on the property at 1 Mill Pond. They did not have a search warrant on 1 Mill Pond, so by gathering there before the raid on 100 Grist Mill Road, they trespassed and broke the law there as well.

10. After the pre-briefing concluded on May 26, 2011, the Entry Team proceeded to execute the search warrant and entered the Simsbury site. ASAC Garcia was on the Entry Team. Investigator Corsi was not assigned to the Entry Team, and waited outside while the Entry Team conducted a security sweep. Garcia Decl. ¶ 6, Corsi Decl. ¶ 5, Operational Plan, Exhibit 1 at 8.

    > **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.**

11. Daniel Carpenter ("Carpenter") was not present at the Simsbury site when the search began on May 26, 2011. Garcia Decl. ¶ 7.

    > **Response: Plaintiff Daniel E. Carpenter denies the materiality of this fact. For the purposes of Summary Judgment, the Search Warrant was Constitutionally defective on its face, a search done pursuant to an invalid search warrant is tantamount to a "warrantless" search, which is *per se* unreasonable under the Constitution. Moreover, Plaintiff Carpenter believes he was in the back of the building when the illegal search began, but that would be irrelevant as well.**

12. The Entry Team at the Simsbury site identified itself as law enforcement and completed a visual security sweep of the Simsbury site. The security sweep was completed at approximately 10:24 a.m., at which time a designated special agent photographed the premises in accordance with the Operational Plan. Garcia Decl. ¶ 7 and Exhibit 2 to Garcia Decl. (confirming email from ASAC Garcia to Special Agent Allen).

    > **Response: Admitted, but irrelevant.**

13. No individuals, including Carpenter, were permitted to either enter or leave the Simsbury site during the security check. Garcia Decl. ¶ 8.

4

> **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.**

14. Sometime after the security sweep was completed at 10:24 a.m., Carpenter arrived at the Simsbury site and requested to be admitted into the building. Carpenter was permitted to enter the building and was advised that if he chose to remain at the Simsbury site during the search, he would need to remain in a designated area, which was a conference room at the front of the building. Garcia Decl. ¶ 8, Operational Plan, Exhibit 1 at 9 ("If subjects are present, separate targets and limit their movements to a secured area during the conduct of the search.")

    > **Response: Plaintiff Daniel E. Carpenter denies the materiality of this fact.**

15. Carpenter advised the Search Team that he was expecting his attorney, Gerald Giaimo (hereinafter "Giaimo") to also arrive at the Simsbury site. Garcia Decl. ¶ 8.

    > **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.**

16. ASAC Garcia and another Special Agent (Special Agent Shannon Woolard) remained with Carpenter in the conference room until Carpenter and Giaimo left the Simsbury site later on May 26, 2011. Garcia Decl. ¶ 8 and Exhibit 3 to Garcia Decl., Exhibit 3 to Corsi Decl. ("Woolard Memo"), and Deposition of Gerald Giaimo, (hereinafter cited by page number only) at 9-10, lines 24-9.

    > **Response: Admitted, but irrelevant.**

17. While in the conference room with Carpenter, ASAC Garcia observed Carpenter review a copy of the search warrant attachment (Attachment D). Garcia Decl. ¶ 9 and Exhibit 3 to Garcia Decl. ("Garcia Memo").

    > **Response: Denied, but the Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact. Moreover, Attachment D of the Search Warrant**

5

> Affidavit was under seal and therefore Plaintiff Carpenter could not have possibly read it. *See* e.g. 3:18-MJ-59 (JGM). Furthermore it is Attachment D that is the proof that the search itself was overly broad and not particularized as a matter of law.

18. ASAC Garcia and Special Agent Woolard also observed Carpenter engage in a telephone conversation while he waited in the front conference room. Allen Decl. ¶ 11 and Exhibit 3, Garcia Decl. ¶ 10 and Exhibit 3, Carpenter's Response to Request for Admission No. 5.

    > Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.

19. ASAC Garcia and Special Agent Woolard noted spontaneous utterances from Carpenter, and Carpenter's telephone conversation. Garcia Decl. ¶ 11 and Exhibit 3 (Garcia Memo), Allen Decl., Exhibit 3 (Woolard Memo).

    > Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.

20. Giaimo arrived at the Simsbury site by 11:07 a.m. on May 26, 2011. Garcia Decl., Exhibit 5.

    > Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.

21. Neither Giaimo nor Carpenter were prevented from making a telephone call while they were in the front conference room during the execution of the search warrant on May 26, 2011. Giaimo at 8, lines 10-14, Garcia Decl. ¶ 11.

    > Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.

22. The Operational Plan provided that special agents could not interview Carpenter during the search of the Simsbury site unless they were directed to do so, and obtained interview

questions from Special Agent Allen. Operational Plan, Exhibit 1 at 9.

> **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact, but it is also denied and clearly untrue as they did ask Plaintiff Carpenter questions.** *See* **Garcia Affidavit, Exhibit 3.**

23. ASAC Garcia did not interview Carpenter, did not observe Carpenter being interviewed, and did not request interview questions from Special Agent Allen while Carpenter remained in the conference room during the search. Allen Decl. ¶¶ 9, 10, Garcia Decl. ¶¶ 12, 15, 16.

> **Response: Denied, but irrelevant.** *See* **Garcia Affidavit, Exhibit 3.**

24. No one from the Simsbury site Search Team requested interview questions from Special Agent Allen. Allen Dec. ¶ 9.

> **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact. But it is also denied as this statement is also contradicted by Garcia's own Declaration.**

25. ASAC Garcia did not place Carpenter into custody, nor observe Carpenter being placed into custody on May 26, 2011. Garcia Decl. ¶ 9, Giaimo at 7-8, lines 25-2.

> **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact. The Statement is also Denied based on the fact that Garcia's own Declaration proves that Mr. Carpenter was in fact in Custody and was in fact asked questions by the agents that Agent Garcia recorded to the file on June 3, 2011.** *See* **Garcia Affidavit, Exhibit 3.** *See also* **Corsi Declaration at 8.**

26. Carpenter and Giaimo left together in the afternoon of May 26, 2011. Giaimo at 6-7, lines 24-3.

> **Response: Admitted, but irrelevant.**

27. Carpenter voluntarily returned later in the day on May 26, 2011, and was permitted to briefly re-enter the building to retrieve some personal items. Corsi Decl. ¶ 8.

> **Response:** Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.

28. Investigator Corsi maintained an inventory of all items that he determined were subject to seizure. Corsi Decl. ¶ 10, *United States v. Sealed Search Warrant*, Docket No. 3:18-mj-58 (JGM), ECF No. 3 at 14, 16, 21, 23-24, 28-30, 75, 80-81, 99, 113-114, 128-133, 135-136, 139-143 (return of search warrant).

   > **Response:** Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.

29. The search warrant authorized the seizure of Carpenter's income tax returns, banking documents and all books and records, including billing statements. Corsi Decl. ¶¶ 11-15 and Exhibit 2 (Attachment D).

   > **Response:** Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact. Also denied as false. The Search Warrant did not list a crime, was not addressed to an officer, and certainly did not mention Plaintiff Carpenter's name on the Search Warrant itself, much less authorize Agent Corsi to take Plaintiff Carpenter's personal documents that had nothing to do with an investigation of the Charter Oak Trust.

30. No physical damage occurred during the execution of the search at the Simsbury site on May 26, 2011. Garcia Decl. ¶ 18, Corsi Dec. ¶ 16, Giaimo at 9, lines 8-10, and at 10-11, lines 24-1, contemporaneous photographs taken immediately before and after the execution of the search warrant, Exhibit 7A and 7B to Garcia Decl.

   > **Response:** Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact, and once again this statement is clearly irrelevant and immaterial as to whether there was a valid search conducted with a valid Search Warrant Affidavit attached to the Search Warrant.

31. Carpenter has not claimed any amount of physical damages to the Simsbury site. Carpenter Response to Interrogatories 4, 5 (attached hereto), and Damages Analysis filed in Carpenter v. United States, Docket No. 3:21CV1485 (RNC), ECF No. 1-2, at 2-6.

Compare ECF No. 94.

> **Response: Plaintiff Daniel E. Carpenter denies and disputes the materiality of this fact.**

## Additional Material Facts

32. As the Defendants' own statements make clear, the Search Warrant Affidavit and Attachment D were under seal at the time of the unlawful raid, and despite the attempts to unseal it, those proceedings under Judge Kravitz and Judge Hall are still under seal. *See* 3:11-mc-210 (MRK) *and* 3:12-cv-882 (JCH).

33. Despite the Defendants' statements to the contrary, the Complaint asks for a Declaratory Judgment (See Complaint at ¶ 33d) that, because the Search Warrant Affidavit was not attached, that the Search Warrant was not addressed to a federal officer, and there was no crime listed on the face of the Search Warrant, the unlawful and unreasonable search was conducted without a valid Search Warrant, which means that the search and seizure was a *per se* violation of the Fourth and Fifth Amendments of the Constitution because property was taken by Government Agents without the Due Process of law and that property has not been returned.

34. Defendant Corsi states in his Declaration that he was justified in taking Plaintiff Carpenter's Homeowner's policy because it mentioned the Rhode Island Beach House. *See* Corsi Declaration at 14. Agent Corsi would not have been justified in seizing any personal documents of Plaintiff Carpenter. *See also* Corsi Declaration at 12 for a list of personal bank documents seized.

35. Agent Corsi claims that he knew about the reference to "Benistar" in the Search Warrant Affidavit (which was not attached and was under seal) and the mention of "Benistar" in Judge Chatigny's Verdict, which was in June 2016—fully five years after the illegal raid

on 100 Grist Mill Road. *See* Corsi Declaration at 15. The word "Benistar" is mentioned nowhere in Attachment D, which is the only document that Agent Garcia had discussed with the Agents. *See also* Cosi Declaration at 10.

>
> THE PLAINTIFF,
> DANIEL E. CARPENTER
>
> /s/ *John R. Williams*
>
> JOHN R. WILLIAMS
> 51 ELM STREET
> NEW HAVEN, CT 06510
> FEDERAL BAR NO. ct00215
> jrw@johnrwilliams.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> /s/ *John R. Williams*
> JOHN R. WILLIAMS