UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER and<br>GRIST MILL CAPITAL, LLC, | : |
| Plaintiffs, | Docket No. 3:14CV741 (SRU) |
| VS. | : |
| LYNN ALLEN, CHERI GARCIA,<br>TIMOTHY CORSI, JOHN DOES 1-100,<br>and JANE DOES 1-100, | : |
| Defendants. | March 25, 2022 |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

The Defendants, Lynn Allen, Cheryl Garcia and Timothy Corsi, hereby respectfully file this reply memorandum in further support of their motion for summary judgment ("Defs.' Mot."). ECF No. 96. Plaintiff Daniel Carpenter chose not to file a memorandum in opposition to the Defendants' motion. Plaintiff Grist Mill Capital, LLC ("GMC") did file a memorandum in opposition, but its arguments are primarily focused on the claims of a defective search warrant— a claim which this Court already dismissed, *see* ECF Nos. 79 (Ruling), 108 at 3-11 (GMC's opposition memorandum). Both Carpenter and GMC filed Local Rule 56(a)2 statements of facts, ECF Nos. 105 ("GMC's Rule 56 Statement"), 106 ("Carpenter's Rule 56 Statement"), blanketly denying and disputing the materiality of most of the facts in the Defendants' Local Rule 56(a)1 statement of facts, ECF No. 99 ("Defendants' Rule 56 Statement"). However, as set forth below,

there are no material disputes as to the facts necessary to resolve the remaining claims, and the Defendants' motion for summary judgment should be granted.

## DISCUSSION

The Court should grant summary judgment in favor of the Defendants because they did not commit any of the alleged constitutional violations, and, in any event, qualified immunity bars all the remaining claims against them. Although Plaintiffs dispute many of the facts in the Defendants' Rule 56 Statement, most of those factual disputes relate to claims that this Court has already dismissed, namely, the Fourth Amendment claims challenging the search warrant and the Fifth and Sixth Amendment claims regarding unlawful questioning and deprivation of his right to counsel. *See* ECF No. 79 (dismissing the "Fourth Amendment claims challenging the search warrant, as well as the malicious prosecution and Fifth and Sixth Amendment claims[.]"); *see also* Ruling on Plaintiffs' 41(g) Motion and Order ("Ruling on 41(g) Mot."), ECF No. 110, at 8 (stating that the Court had previously dismissed these claims). Because these claims already have been dismissed, the Defendants do not address them in this reply memorandum.

The only remaining claims in this case are the Fourth Amendment claims relating to the *manner of the search* at the offices located at 100 Grist Mill Road ("the Simsbury site"), specifically claims regarding (1) "the destruction of property," (2) "Carpenter's detention during the search," and (3) "whether the search exceeded the scope of the warrant." ECF No. 79; Ruling on 41(g) Mot. at 8. There are no material disputes as to the facts necessary to resolve these remaining claims, and the Defendants' motion for summary judgment should be granted.

## I. The Plaintiffs' remaining claims are meritless

### A. The search did not exceed the scope of the warrant.

The Plaintiffs' claim that the search exceeded the scope of the warrant is without merit. *See* GMC's opposition memorandum, ECF No. 108 at 5, 7, 9. Attachment D to the warrant, which lists the items to be seized, expressly authorized agents to seize records "relating to Daniel Carpenter," "GMC," and various other individuals and entities, and then listed the types of records to be seized. Specifically, paragraphs (a) through (d) and (j) through (l) permitted seizure of Carpenter's financial related documents, including books and records such as bank statements, billing statements, invoices, and receipts; federal and state income tax returns and records used in preparing such returns; financial statements and records of income and expenses; bank records; loan and mortgage records, and billing records. Paragraphs (f), (m), and (n) permitted seizure of insurance policies related to the Charter Oak Trust; and paragraph (i), permitted seizure of documents related to the transfer of ownership of insurance policies for any of the listed individuals and entities listed at the top of Attachment D, including Daniel Carpenter.

As such, the seizure of Carpenter's personal tax returns, banking records, and billing information for his life and homeowner's insurance policies were plainly within the scope of the search warrant—a search warrant that Judge Chatigny found was not overbroad or defective and that the agents reasonably relied upon in good faith. *See* Search Warrant, ECF No. 96-11; *see also United States v. Daniel Carpenter,* Docket No. 3:13CR226 (RNC), ECF No. 155 at 8-14 and n.4 (denying Carpenter's motion to suppress); *United States v. Bursey*, 801 Fed. Appx. 1, 4 (2d Cir. Jan. 13, 2020) ("agents' reliance on [the warrants] was reasonable.").

Nonetheless, in GMC's opposition memorandum, GMC persists in claiming that Defendants are not entitled to qualified immunity because the warrant was defective.[1] *See* GMC's opposition memorandum, ECF No. 108 at 1, 4, 7-8, 10-11. However, this Court has already stated that such challenges to the search warrant are barred by *Heck v. Humphry*. ECF No. 79. Moreover, the Second Circuit has already held that the agents' reliance on the warrant was reasonable and fell under the good-faith exception. *See Bursey*, 801 F. App'x at 4. As such, qualified immunity bars the Plaintiffs' claim. *See Groh v. Ramirez*, 540 U.S. 551, 565 n.8 (2004) (noting that the good-faith inquiry and the qualified-immunity inquiry are the same)); *United States v. Clark*, 638 F.3d 89, 102 n. 12 (2d Cir. 2011) (same); *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 448 (6th Cir. 2006) (same).

Accordingly, the motion for summary judgment on this claim should be granted.

### B. Carpenter was not detained during the search.

Carpenter's claim that he was detained or held in custody during the search is also without merit. *See* GMC's opposition memorandum, ECF No. 108 at 5. Under the Fourth Amendment, an individual is seized "if, in view of all of the circumstances surrounding the [encounter], a reasonable person would have believed that he [or she] was not free to leave." *United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir. 1992) (internal quotations and citation omitted) (alterations in original). "The test is an objective one, based on how a reasonable innocent person would view the encounter." *Id* (internal citations omitted). Several non-dispositive factors that a court may consider include "the threatening presence of several officers; the display of a weapon; the physical

---

[1] In Plaintiffs' Rule 56 Statements, Plaintiffs deny that Carpenter read Attachment D during the search because the attachment "was under seal and therefore Carpenter could not have possibly read it." Plaintiffs' Rule 56 Statements at ¶ 17. Their denials are not credible. In the Complaint itself, Plaintiffs admit that the defendants produced Attachment D during the search. Complaint at ¶ 13, ECF No. 1 at 3-4.

touching of the person by the officer; language or tone indicating that compliance with the officer was compulsory; prolonged retention of a person's personal effects, such as airplane tickets or identification; and a request by the officer to accompany him to the police station or a police room." *Id.*

Here, Carpenter has failed to provide any facts showing he was unlawfully detained. Although Carpenter provides a written declaration claiming he was in custody, he does not assert any facts that are the hallmarks of a Fourth Amendment seizure of an individual. He does not allege he was in handcuffs. He does not allege the officers pointed or displayed any weapons at him. He does not allege agents used any force against him or that agents physically touched him or used any language or tone indicating that he was required to stay at the premises. And he does not allege any personal effects were taken from his person.

Quite the opposite, the undisputed facts show that Carpenter voluntarily came to the Simsbury site after the security sweep and voluntarily requested to be admitted into the building. *See* Defendants' Rule 56 Statement at ¶ 14. GMC and Carpenter do not deny this fact; they only dispute "the materiality" of this fact. Plaintiffs' Rule 56 Statements at ¶ 14.[2] His own lawyer provided sworn testimony that he did not observe anyone being physically restrained. *See* Deposition of Gerald Giaimo, Transcript, ECF No. 96-4, lines 25-2 at 7-8. Although Carpenter and his attorney were required to stay in a conference room if they wished to remain on the premises, such a minimally intrusive restriction was justified because it ensured the orderly

---

[2] In Carpenter's Rule 56 Statement, he "denies and disputed the materiality" of most of the facts in Defendants' Rule 56 Statement. However, with respect to Paragraph 14 of the Defendants' Rule 56 Statement, Carpenter does not admit or deny the fact; rather, he only "disputes the materiality" of the fact. Because there is no denial, the Court should deem this fact admitted. *See Fountain v. Lohan*, No. 04 C 6778, 2005 WL 8178951, at *1 (N.D. Ill. Oct. 11, 2005) ("Instead of admitting or denying a fact and providing the basis for her response, Defendant frequently chose to deny the materiality of the additional fact. Where Defendant's response consists only of a denial of materiality, the Court will deem admitted Plaintiff's factual allegations where they are supported by the record.")

5

completion of the warranted search and it minimized the risk of harm to officers. *See Michigan v. Summers*, 452 U.S. 692, 702–03 (1981). Moreover, Carpenter was free to leave, which he did do, and he was allowed to make phone calls while in the conference room.[3]

Although Carpenter asserts he was in custody, his subjective belief is not determinative, and he has not offered any facts to support his claim of being held in custody. The test is an objective one. Based on the record, summary judgment should be granted in favor of the Defendants as a matter of law.

### C. There was no destruction of property at the Simsbury site.

Plaintiffs have failed to offer any evidence showing that the Defendants caused destruction or damage of property during the search, as Plaintiffs originally alleged in the Complaint. *See* Complaint, ECF No. 1 at ¶ 14, GMC's opposition memorandum, ECF No. 108 at 5. As an initial matter, Plaintiffs failed to provide an initial damage computation to the Defendants, as they were required to do under Fed. R. Civ. P. 26(a)(1)(A)(iii). In addition, on September 24, 2021, in connection with the settlement conference, Defendants propounded a discovery request upon the Plaintiffs also requesting a damage analysis. ECF No. 96-3. Plaintiffs responded that they would provide a damage analysis. *Id.* On October 28, 2021, only GMC submitted an *ex parte* damages analysis, but it did not claim any damages to the property at the Simsbury site. Then, in response to this Court's Scheduling Order requiring Plaintiffs to file a damages analysis by January 15, 2022, *see* ECF No. 93, GMC (but not Carpenter), filed the same damage analysis and exhibits it

---

[3] In Carpenter's Rule 56 Statement, he denies he made a phone call while in the conference room. *See* Carpenter's Rule 56 Statement at ¶ 18. This denial is not credible and is contradicted by Carpenter's response to Defendants' request for admissions, in which Carpenter expressly admitted he made at least one phone call. ECF No. 96-7.

submitted on October 28, again lacking any computation of physical damages to the Simsbury site.[4] ECF No. 94.

Notwithstanding Plaintiffs' failure to provide any computation of physical damage or destruction of property at the site, they now blanketly deny the fact that they have "not claimed any amount of physical damages to the Simsbury site." GMC's Rule 56 Statement at ¶ 31; Carpenter's Rule 56 Statement at ¶ 31. Rather tellingly, in response to Defendants' Rule 56 fact that "No physical damage occurred," Plaintiffs argue that this fact "is clearly irrelevant and immaterial." GMC's Rule 56 Statement at ¶ 30; Carpenter's Rule 56 Statement at ¶ 30.

Because Plaintiffs have not provided any computation of physical damage to the Simsbury site, as required, the motion for summary judgment on this claim should be granted.[5]

### D. Even if the alleged Constitutional violations did occur, the Court should grant summary judgment in favor of Defendant Allen on all remaining claims.

The Court should grant summary judgment in favor of Defendant Allen on all remaining claims. As Defendants noted in their opening memorandum, Defendant Allen's liability for any alleged Fourth Amendment violations must be based on her personal involvement in such violations, and not on a theory of *respondeat superior*. *See* Defs.' Mot. at 8-9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) and *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *see also Carpenter, et al. v. Commissioner of IRS, et al.*, Docket No. 3:13CV563 (SRU), Amended Ruling

---

[4] In ECF No. 94, Plaintiffs included an erroneous claim that Defendants have not pursued discovery relating to damages even though Defendants served interrogatories requesting such discovery and despite Fed. R. Civ. P. 26(a)(1)(A)(iii), which required Plaintiffs to disclose such info "without awaiting a discovery request." *See* ECF No. 96-3.

[5] Plaintiffs claim for damages resulting from their alleged inability to sell the portfolio of Charter Oak insurance policies is also without merit. First, not only were these fraudulently obtained policies, GMC no longer had any interest in most of the policies following its settlement with Ridgewood Financing in September 2010—well before the search warrant at issue in this case. *See* Defendants' Mem. in Opp. to GMC's Motion for Summary Judgment, ECF No. 104 at 5-6. Second, and more importantly, the warrant expressly authorized the seizure of insurance policies, As such, Defendants cannot be liable for damages that the warrant—which was not defective and which the agents reasonable relied upon—expressly allowed them to seize.

7

on Motions to Dismiss and for Summary Judgment ("Ruling in IRS Case"), ECF No. 150, at 20-21 (citing the same). To demonstrate personal involvement, Plaintiffs must provide evidence showing one of the following: (1) direct participation in an alleged constitutional violation; (2) failure to remedy a violation after being informed of it; (3) creation or continuance of a policy or custom under which unconstitutional practices occurred; (4) gross negligence in supervising subordinates who committed the wrongful acts; or (5) deliberate indifference to Plaintiffs' rights by failing to act on information indicating that unconstitutional acts were occurring. *See* Defs.' Mot. at 8-9 (citing *Colon*, 58 F.3d at 873); Ruling in IRS Case at 20 (same).

Here, GMC argues that Defendant Allen "was in charge of the search and supervised in formation and structure." GMC's opposition memorandum, ECF No. 108 at 2. However, the Plaintiffs have utterly failed to offer any evidence showing any of the foregoing types of personal involvement by Defendant Allen. First, and most importantly, it is undisputed that Defendant Allen was not present at the Simsbury site during the execution of the search. Indeed, Carpenter and GMC readily admit that she was not present. *See* Carpenter's Rule 56 Statement at ¶ 8; GMC's Rule 56 Statement at ¶ 8. As such, she did not have direct participation in causing any alleged destruction to any property at the Simsbury site, taking documents that exceeded the scope of the warrant, or detaining Carpenter during the search.

Second, Plaintiffs also have failed to provide evidence showing that Defendant Allen was grossly negligent in supervising Defendants Corsi or Garcia. As a preliminary matter, Defendants have provided evidence that Defendant Allen was not a supervisor of any of the agents who executed the search, and Plaintiffs fail to adduce evidence from which the opposite could be concluded. Even if Defendant Allen's role as the case agent and principal author of the Operation Plan were sufficient to make her a *de facto* supervisor for the limited purpose of the search, her

8

Operation Plan expressly stated that agents will only search and seize evidence "in accordance with . . . the SW [search warrant] and its accompanying affidavit" Operation Plan, ECF No. 96-2 at 8. Moreover, the Operation Plan did not authorize the detention of anyone.

Finally, Carpenter has also failed to introduce evidence capable of showing that Defendant Allen exhibited deliberate indifference to Carpenter's rights by failing to act on information indicating that unconstitutional acts were occurring, failed to remedy a violation after being informed of it, or created or continued of a policy or custom under which unconstitutional practices occurred. Indeed, Plaintiffs have offered no evidence that Defendant Allen was aware that any of the alleged damage of property, unlawful detention of Carpenter, or seizure of documents beyond the scope of the warrant was occurring. *See* Ruling in IRS Case at 21 n. 29 ("The second and third categories of personal involvement can immediately be rejected, because Carpenter has provided no evidence suggesting that Schrader was informed of any ongoing violations that he failed to remedy or that Schrader was responsible for any IRS-CI policies or customs. Accordingly, I will not discuss further in this ruling Schrader's liability for constitutional violations pursuant to those categories of personal involvement.")

Accordingly, the Court should grant summary judgment in favor of Defendant Allen on all of the remaining claims.

## **CONCLUSION**

For the foregoing reasons, and the reasons in Defendants' motion for summary judgment and in opposition to GMC's motion for summary judgment, the Court should grant summary judgment in favor of the Defendants as to all remaining claims.

Respectfully submitted,

For Defendants Lynn Allen, Cheryl Garcia
and Timothy Corsi,


Leonard C Boyle
United States Attorney

    /s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

## Certification

I hereby certify that on March 25, 2022, a copy of the foregoing Memorandum was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney