UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL CARPENTER, and<br>GRIST MILL CAPITAL, LLC,<br>       Plaintiffs,<br><br>              v.<br><br>LYNN ALLEN, *et al.*,<br>       Defendants. | No. 3:14-cv-741 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

On March 15, 2022, I decided a long-running dispute between plaintiffs Daniel Carpenter ("Carpenter") and Grist Mill Capital, LLC ("GMC," collectively "Plaintiffs") and the Department of Labor ("DOL") over several bankers boxes of documents the government originally seized in a 2010 search of Plaintiffs' business premises. In short, I granted Plaintiffs' Rule 41(g) motion and ordered the government to destroy the documents at issue.

Plaintiffs now seek reconsideration of my ruling in their favor, because they object to my order directing the government to destroy the documents. As Plaintiffs have previously indicated, they disagree that the government provided them with electronic copies of the disputed documents. Accordingly, they move to stay implementation of the order until after this Court orders and the government provides an inventory of the seized documents— even though they have not moved for a mandatory injunction— so that Plaintiffs may object to the destruction of any such document. Doc. No. 112. The government does not oppose a stay of the order, but it opposes any order to inventory the documents as unnecessary in light of the fact that the Plaintiffs already have access to the documents. Doc. No. 113. I agree with the government.

Because there is no new factual or legal basis warranting reconsideration, I **deny** the Plaintiffs' motion.

I.  **Background**

The Court assumes the parties' familiarity with the facts and procedural history of the case and recounts only the circumstances salient to the emergency motion.

In 2013, Plaintiffs filed a *Bivens* action challenging the execution of an Internal Revenue Service search warrant on April 20, 2010 on 100 Grist Mill Road ("the 2010 Search"), seeking, *inter alia*, the return of material seized in the search.  *See Carpenter et al. v. Shulman et al.*, Dkt. No. 3:13-cv-563 (SRU), 3d Am. Compl., Doc. No. 114, at 9.  In May 2011, while the IRS investigation was open, the Department of Labor ("DOL") re-seized a subset of items in the IRS's custody in connection with an unrelated investigation in the District of Connecticut.  Pls.' 41(g) Mot., Doc. No. 75, at 3.  Plaintiffs later filed a *Bivens* action against the DOL and moved for the return of the documents in DOL's possession.  Docs. No. 1, 75.

On March 15, 2022, the Court ruled on the long-pending 41(g) motion.  Doc. No. 110.

On March 30, 2022, Plaintiffs moved for reconsideration and a stay of enforcement of the order.  Doc. No. 112.  The government opposes the motion for reconsideration, though it does not oppose the request for a stay of enforcement.  Doc. No. 113.

II. **Standard of Review**

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration within seven days of the filing of the decision from which the party seeks relief.  D. Conn. L. R. Civ. P. 7(c).  Nevertheless, Local Rule 7(c) suggests that motions for reconsideration are disfavored, advising that a motion for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."  *Id.*  Indeed, the Second Circuit has repeatedly held that "[t]he standard for granting [ ] a motion [for reconsideration] is strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995), and such a motion is principally appropriate where there has been "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).

**III.     Discussion**

I granted Plaintiffs' motion because I determined that there was no basis for the government's on-going retention of the documents. I ordered the documents destroyed because Plaintiffs have access to them. Nothing in either party's papers regarding Plaintiffs' motion for reconsideration has disabused me of either of those notions.

In their motion, Plaintiffs assert that they seek reconsideration to "prevent manifest injustice." Therefore, they seem to concede that there has been no intervening change of controlling law or facts. Instead, they posit that injustice may occur if the documents are destroyed before Plaintiffs have the opportunity to object to the destruction of any particular document. Pls.' Mot., Doc. No. 112-1, at 3. But I agree with the government that such inventory is unnecessary. Plaintiffs already possess the subject documents. As the government explains:

> The Government scanned all of the subject documents and provided them, in a searchable database, to counsel for Daniel Carpenter in . . . *United States v. Daniel Carpenter*, Docket No. 3:13-cr-226 (RNC). The subject documents are clearly marked by Bates Nos. with the prefix "Halloran."

Defs.' Opp'n, Doc. No. 113, at 2. As a result, I agree that Plaintiffs may contact counsel from Carpenter's criminal proceeding to access the documents and prepare their own inventory.

Plaintiffs cite to two cases in support of their position, *Anwar v. Fairfield Greenwich, Ltd.*, 745 F. Supp. 2d 379, 383-84 (S.D.N.Y. 2010), and *Schoolcraft v. City of New York*, 298 F.R.D. 134 (S.D.N.Y. 2014), but I fail to see how either helps the Plaintiffs.

First, *Anwar*. There, the Southern District of New York granted reconsideration to prevent "manifest injustice" where an "oversight would . . . result in [ ] repleading claims" against the defendants that the court had "already found to be sufficient." 745 F. Supp. 2d at 383-84. Here, Plaintiffs' motion arises under Federal Rule of Criminal Procedure 41, not Federal Rule of Civil Procedure 12. Because dismissal of claims is not at issue, *Anwar* is inapposite. Plaintiffs provide no other explanation for their claim that manifest injustice may occur, except the one that I have already considered— that they want access to the documents— and that I rejected because I credit the government's assertion that Plaintiffs have access to the documents. Because Plaintiffs have access to the documents, they may make their own inventory of them.

Second, *Schoolcraft*. There, the Southern District granted reconsideration where the defendant "provided additional color to several facts" that the court had "overlooked" and that "alter[ed] the conclusion reached by the court." 298 F.R.D. at 138. Specifically, during discovery, the plaintiff produced a recording essential to the defendant's counterclaim— but a portion of the recording had been excluded. *Id.* at 137. After learning that the recording had been modified, the defendant sought leave to file an amended answer with counterclaims. *Id.* at 136. The court denied the motion, and the defendant moved for reconsideration. The court, newly appreciating that the plaintiff had played a significant role in causing the need to amend in the first place, concluded that the plaintiff's production of the flawed recording warranted reconsideration of its denial of leave to amend. *Id.* at 138. Here, Plaintiffs have produced no new facts, nor any facts in the record that I analogously overlooked. Because there are no superseding factual revelations, *Schoolcraft* is inapposite.

Plaintiffs are displeased that I am ordering the government to destroy rather than return the documents. I understand that. They have provided no reason why I should have ruled differently the first time, and a motion for reconsideration "is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012). Because I am not reconsidering my ruling, I will not stay its enforcement either. And no inventory will be provided.

For the foregoing reasons, I **deny** Plaintiffs' Motion for Reconsideration, Doc. No. 112.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of April 2022.

/s/ STEFAN R. UNDERHILL<br>
Stefan R. Underhill<br>
United States District Judge