UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER and<br>GRIST MILL CAPITAL, LLC,<br><br>    Plaintiffs,<br><br>VS.<br><br>LYNN ALLEN, CHERI GARCIA,<br>TIMOTHY CORSI, JOHN DOES 1-100,<br>and JANE DOES 1-100,<br><br>    Defendants. | :<br>:<br>:<br>:   Docket No. 3:14CV741 (SRU)<br>:<br>:<br>:<br>:<br>:<br>:<br>:   March 28, 2024 |

### DEFENDANTS' SUPPLEMENTAL FILING IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Federal Defendants hereby submit this supplemental filing in further support of its pending motion for summary judgment (ECF #96). Oral argument concerning the pending dispositive motions in this case was held before this Court on March 26, 2024. During oral argument, Plaintiff Grist Mill Capital, LLC (GMC), sought to revisit the District Court's previous dismissal of a large part of the Plaintiffs' constitutional claims. *See* ECF #79. The parties were directed at the conclusion of the oral argument to review the holding in *Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012),[1] and comment on whether the holding in *Beets* supports the Plaintiffs' argument that the principles set forth in the seminal case of *Heck v. Humphrey,* 512 U.S. 477 (1994) do not apply to GMC, because GMC was a non-party to the underlying criminal

---

[1] This case was referenced in the Federal Defendant's Reply Memorandum in Further Support of Motion to Dismiss (ECF #71 at 7).

prosecution of Daniel Carpenter. The Federal Defendants submit that *Beets* does not support the Plaintiffs' arguments.

In *Beets*, the Ninth Circuit upheld the district court's dismissal of a civil action that had been brought under 42 U.S.C. § 1983 by the parents of an individual killed by police during an altercation. The accomplice of that individual, Ms. Morales, was convicted on various charges in connection with the incident. The district court had concluded that the suit, claiming excessive force by police, was barred by the reasoning of *Heck v. Humphrey*, because success on that suit would necessarily imply or demonstrate the invalidity of Morale's conviction. *Beets,* 669 F.3d at 1041.

The Ninth Circuit agreed. The Court concluded that the conviction represented a determination that the police did not use excessive force. The Court then considered the issue of whether the *Heck* bar should be extended to an action brought by a person other than the convicted defendant, and determined that the parents should reasonably have expected to be bound by the jury's decision in convicting Morales, finding that there was a "sufficient community of interest between plaintiffs and Morales to bind plaintiffs to the criminal jury's finding…" *Id.* at 1047-48. The Court explained:

> Our perspective furthers the purposes cited by the Supreme Court when it established the *Heck* bar. The Court noted both the strong judicial policy against the creation of two conflicting resolutions arising out of a single transaction, and its concerns for finality and consistency. *Heck*, 512 U.S. at 484–85, 114 S.Ct. 2364. Here, Morales was convicted of aiding and abetting in the commission of the very crime that [her accomplice] was committing—an assault on a police officer—when he was shot by the officer. The criminal jury that convicted Morales determined that the officer did not use excessive force in shooting [him]. Allowing plaintiffs' action to proceed would allow for conflicting resolutions arising out of a single transaction and undermine consistency and finality.

*Beets*, 669 F.3d at 1048.[2]

The Federal Defendants submit that application of the holding in *Beets* continues to support *their* position in the present case. Carpenter was convicted based on the same operative facts as support this *Bivens* complaint. And here, there is an even closer "community of interest" between Carpenter and GMC than that in *Beets*, because Carpenter and GMC are alter egos. As the Government argued[3] in connection with the Rule 41(g) issue:

> The fact that GMC was not separately indicted in this matter is irrelevant because, for all practical purposes, Carpenter *was* GMC. *See* SA2 (noting that Carpenter is the manager and sole officer of GMC); *United States v. Carpenter*, 190 F. Supp. 3d 260, 273 (D. Conn. 2016) ("Mr. Carpenter acknowledged at trial that he controlled GMC[.]"); *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11 CIV. 1590 (LTS) (HBP), 2013 WL 6123104, *3 (S.D.N.Y. Nov. 20, 2013) ("Carpenter is the only individual with an ownership interest, membership interest, or beneficial interest, direct or indirect, in Grist Mill"); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590 (LTS) (HBP), 2014 WL 3883371, *2-*3 (S.D.N.Y. Aug. 7, 2014) (finding that GMC was one of a number of "shell entities" that Carpenter used to hide assets and that GMC was wholly owned by Grist Mill Holdings, which Carpenter admitted was his "alter ego," and Caroline Financial Group, Inc., both of which were wholly owned by Carpenter). Moreover, Carpenter's use of GMC was instrumental in carrying out the STOLI scheme for which he was convicted. *See Carpenter*, 190 F. Supp. 3d at 273, 279–80, 287; *see also id*. at 273 (noting that Carpenter signed all documents on behalf on GMC). In short, the fact that some of the documents may belong to GMC, which was not prosecuted, rather than its alter ego and sole controlling officer, who was prosecuted and convicted, is a distinction without a difference.

---

[2] In *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir.), *cert. denied sub nom. Cnty. of Sonoma, California v. Lemos*, 143 S. Ct. 429, 214 L. Ed. 2d 236 (2022), the Ninth Circuit disapproved of *Beets's* reference to dictum in a footnote in *Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) (stating that a jury verdict necessarily determines the lawfulness of police officers' actions throughout the *whole course* of a defendant's conduct, such that any suit alleging excessive force would necessarily invalidate his conviction). *See Beets* at 1045. The *Lemos* court disapproved of this statement, noting that "applying *Heck* requires looking at the factual basis for a conviction, regardless of whether that conviction is based on a jury verdict or a guilty plea.") *Lemos* at 1008. This disapproval does not undercut the conclusion reached in *Beets*, where the § 1983 action "was predicated on the same conduct that the jury had already determined was unlawful." *Lemos* at 1009 (citing *Beets* at 1045, 1048).

[3] The Government's argument was in response to GMC's contention before the Second Circuit that "[d]espite the undisputed fact that GMC was never indicted – or charged with any crime – it is GMC's property the Government seeks to unconstitutionally retain." GMC's Reply Brief (ECF #86 at 7), docketed in the United States Court of Appeals for the Second Circuit, *Carpenter v. Allen*, Docket Nos. 22-1057(L), 22-1061 (XAP).

*See* Federal Defendant's Response and Reply Brief (ECF #77 at 44-45), docketed in the United States Court of Appeals for the Second Circuit, *Carpenter v. Allen*, Docket Nos. 22-1057(L), 22-1061 (XAP).  Ultimately, the Second Circuit was unpersuaded by GMC's argument: "GMC points out that – to the extent it is formally a separate entity from Carpenter – it has never been charged with a criminal offense.  However, the government may lawfully seize evidence from even innocent third parties."  *Allen v. Carpenter,* 88 F.4th at 32, n. 15 (citations omitted).

Similarly, the fact that GMC was not a party to the underlying criminal prosecution of Carpenter does not end the *Heck* inquiry.  GMC, as the alter ego of Carpenter, should reasonably have expected to be bound by Carpenter's conviction such that *Heck* bars this action.  To allow this action to proceed would result in "conflicting resolutions arising out of a single transaction…" *Beets* at 1048.  It would be wholly inconsistent for the Second Circuit to rule that the Federal Defendants acted in good faith in the underlying criminal case as to Carpenter, but rule they did not act in good faith in the present case as to Carpenter's alter ego – GMC, when the operative facts are the same.  *See, e.g., Sacrament Collective Pentecostal Church, Inc. v. Cnty. of Santa Cruz,* No. 19-CV-02729-PJH, 2023 WL 7178174, at *5 (N.D. Cal. Oct. 31, 2023) (citing *Beets*, holding that *Heck* barred a § 1983 claim by the plaintiff, a religious organization which claimed to use cannabis as a sacrament, where there was a sufficient community of interest between the organization and the executive officers of that organization who were convicted of unlawful possession of marijuana; finding that "success on plaintiff's 1983 claim would necessarily imply or demonstrate the invalidity" of the corporate officers' criminal convictions.)

In sum, application of the *Beets* holding to the facts of the present case should not operate to relieve the Plaintiffs from the *Heck* bar; instead, it supports the application of that bar as yet another reason for this Court to rule in the Federal Defendants' favor.

WHEREFORE, Defendants Lynn Allen, Cheryl Garcia and Timothy Corsi respectfully maintain that this Court should grant summary judgment in their favor, based upon the reasons set forth in their memorandum in support of summary judgment (ECF #96-1).

Respectfully submitted,

For Defendants Lynn Allen, Cheryl Garcia
and Timothy Corsi,

Vanessa Roberts Avery
United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

Certification

I hereby certify that on March 28, 2024, a copy of the foregoing supplemental filing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney