## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL CARPENTER AND GRIST MILL CAPITAL, LLC | : | Docket No. 3:14-cv-741 (SRU) |
| Plaintiffs, | : | |
| VS. | : | |
| LYNN ALLEN, CHERI GARCIA, TIMOTHY CORRSI, JOHN DOES 1-100, AND JANE DOES 1-100 | : | |
| Defendants. | : | MAY 24, 2024 |

## PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT UNDER RULE 60(b)(6)

Plaintiffs in the above-captioned matter, Daniel Carpenter and Grist Mill Capital, LLC ("GMC") (collectively "Plaintiffs") hereby submit this reply memorandum to the Defendants objection to Plaintiffs' post-judgment motion filed under Rule 59(e) or in the alternative Rule 60(b)(6) (ECF #144) ("Defendant's Objection"). Defendants claim that denial is merited on two grounds: 1) that Plaintiffs' motion was untimely under Local Rule 7(c); and 2) that Plaintiffs' motion fails to meet the requirements for post-judgment reconsideration under either Rule 59(e) or Rule 60(b)(6). The Defendants' opposition memorandum should be ignored, and the Plaintiffs' Motion to Amend should be granted, for the reasons set forth below.

## I.     Plaintiffs' Motion Was Timely Filed

Defendants argue that because the Plaintiffs moved that this Court "reconsider" its granting of summary judgment, then Plaintiffs' filing was governed by Local Rule of Civil Procedure 7(c) seven-day filing deadline rather than Fed. R. Civ. P. 59(e)'s twenty-eight day filing deadline, and

should therefore be denied as untimely. Presumably, Defendants' argument is based solely on

Plaintiffs' use of the word "reconsideration" in the ongoing first paragraph of page 2 of its brief,

as Plaintiffs' motion is captioned, pled and argued under Rule 59(e), with Rule 7(c) nowhere

mentioned. This is insufficient to find a motion made under Rule 59(e) is instead a motion made

under Local Rule 7(c) for purposes of timeliness.

      The use of the word "reconsideration" is also not incorrect in a Rule 59(e) motion. As this

Court has held on numerous occasions, Rule 59(e) and Local Rule 7(c) are functionally the same:

> Under Rule 59(e), "a motion to alter or amend a judgment must be filed no later
> than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A party may
> also file a motion for reconsideration under District of Connecticut Local Rule of
> Civil Procedure 7(c). See D. Conn. L. R. 7(c). That rule provides that "such motions
> will generally be denied unless the movant can point to controlling decisions or
> data that the court overlooked in its initial decision or order." *Id.* "A motion for
> reconsideration filed under Local Rule 7(e) is equivalent as a practical matter to a
> motion for amendment of judgment under Fed. R. Civ. P. 59(e)." *Kelly v. Honeywell
> Int'l, Inc.*, No. 3:6-cv-543 (VLB), 2017 WL 6948927 at *2 (D. Conn., May 25,
> 2017)(citing *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991)"[E]ach
> seeks to reopen a district court's decision on the theory that the court made mistaken
> findings in the first instance." *City of Hartford*, 942 F.2d at 133.

*Salvagno v. Williams*, No. 3:17-cv-2059 (MPS), 2019 WL 2720758 at *3-*4 (D. Conn. , Jneu 27,

2019). *See also,* e.g.: *Marshall v. City of Meriden*, No. 3:11-cv-577 (JCH), 2 017 WL 5513202 at

*1 (same, and noting that Rule 7(c) "must be treated the same as a motion under Rule 59(e)."

(Citation and internal quotation marks omitted). Under the weight of the cited authority, the use of

the word "reconsideration" is therefore not out of place in Plaintiffs' motion, otherwise clearly

styled, labeled, pled and argued as a motion brought under Rule 59(e). Plaintiffs' Rule 59(e) motion

was brought timely, within the 28 days of entry of judgment. Further, even assuming arguendo

Plaintiffs are wrong, it is within this Court's discretion to review a motion made under Rule 7(c)

as a motion made under Rule 59(e) for timeliness purposes. *See Palmer v. Sena*, 474 F. Supp. 353,

354-55(D. Conn. 2007) and *Horsey v. Bysiewicz*, No. 3:99 -cv- 2250 (SRU), 2004 WL 725363 at

*1-*2 (March 24, 2004).

In the context of a criminal case, which is analogous, considering the ramifications of *Heck*

*v. Humphrey*, 512 U.S. 477, 480 (1994) the Supreme Court discussed the rule as follows:

> To begin with, Rule 59(e) gives a prisoner only a narrow window to ask for relief—28 days, with no extensions. Next, a prisoner may invoke the rule only to request "reconsideration of matters properly encompassed" in the challenged judgment. *White*, 455 U.S. at 451. A Rule 59(e) motion is therefore backward-looking; and because that is so, it maintains a prisoner's incentives to consolidate all of his claims in his initial application. Yet more, the Rule consolidates appellate proceedings. A Rule 59(e) motion briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal. The motion's disposition then merges into the final judgment that the prisoner may take to the next level. In that way, the Rule avoids "piecemeal appellate review." *Osterneck*, 489 U.S. at 177. Its operation, rather than allowing repeated attacks on a decision, helps produce a single final judgment for appeal.
>
> Indeed, the availability of Rule 59(e) may make habeas proceedings more efficient. Most obviously, the Rule enables a district court to reverse a mistaken judgment, and so make an appeal altogether unnecessary. See *United States v. Ibarra*, 502 U.S. 1, 5, (1991) (*per curiam*) (noting that giving district courts a short time to correct their own errors "prevents unnecessary burdens being placed on the courts of appeals"). Of course, Rule 59(e) motions seldom change judicial outcomes. But even when they do not, they give habeas courts the chance to clarify their reasoning or address arguments passed over or misunderstood before.

*Banister v. Davis*, 140 S. Ct. 1698, 1708, (2020).

Defendants' only cited case in support of untimeliness, *Bellatoni v. Lamont*, 671 F. Supp.

3d 140 (D. Conn. 2023) is inapposite; while it is unclear from the decision denying the post-

judgment motion at issue as untimely, examination of the motion on the docket (ECF #42, No.

3:22 -cv-238 (SRU)) discloses that the *Bellatoni* motion was not filed under Rule 59(e)  and

therefore this Court treated it as a late-filed Rule 7(c) motion, unlike the expressly-labeled and

argued motion in the instant case.

Plaintiffs' Rule 59(e) motion was therefore filed timely.

**II.     Plaintiffs' Rule 59(e) Motion, or in the Alternative, 60(b)(6) Motion, Meets the Standard for Such Motions**

In their opposition to Plaintiffs' motion, Defendants argue that Plaintiffs fail to meet their burden to qualify for relief under Rule 59(e) or in the alternative, under Rule 60(b)(6). Defendants are mistaken. This Court's request for supplemental briefing on the effect of the preclusive rule of *Heck v. Humphrey*, 52 U.S. 447 (1994) necessitated that the Court follow through on the direction it embarked upon, and allow the filing of Plaintiffs' papers within a reasonable time before judgment was entered. The Court's failure to do so resulted in its overlooking a controlling decision, which triggers Rule 59(e), *see Lichtenberg v. Besicorp Group, Inc.*, 28 Fed. Appx. 73, 75 (2d Cir, 2002). Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an intervening change of controlling law; (2) where new evidence has become available; or (3) where there is need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

As the Defendants' concede in their own supplemental briefing regarding the preclusive rule of *Heck v. Humphreys* and its operation under the facts of this case, during oral argument on summary judgment Plaintiffs were not deemed by this Court to be merely re-litigating a stale issue. "The parties were directed at the conclusion of oral argument to review the holding in *Beets v. County of Los Angeles*,…and comment on whether the holding in *Beets* supports the Plaintiffs' arguments that the principles set forth in …*Heck v. Humphreys*…do not apply to GMC, because GMC was a non-party to the underlying criminal prosecution of Daniel Carpenter." ECF 139, Defendants Supplemental Filing in Support of Summary Judgment dated 3/28/2024. On its face, despite Defendants' animadversions to the contrary, *Heck* was therefore clearly not a dead letter to

4

the Court, because it wanted to hear more than had been offered up in the briefing and at oral argument.

By granting summary judgment before the time it allowed the Plaintiffs' to provide such briefing, the Court did not have the opportunity to weigh intra-Circuit contrary authority in the form of Plaintiffs' leading case *Waller v. Smith*, 402 F. Supp. 3d 164 (W.D.N.Y. 2019), which is closer to being on all fours with the instant case than any decision from the 9th Circuit, wherein the *Beets* court twice stated that its holding applied narrowly only to the facts in that case (*Waller,* along with *Beets*, is fully briefed in Plaintiffs' Motion under Rule 59(e)). Rule 59(e) is therefore triggered by the neglect of controlling precedent. *See Lichtenberg, supra,* 28 Fed. Appx. at 75. Rule 59(e) is further satisfied because the Court, in requesting supplemental briefing and then entering judgment three days later after only reviewing Defendants papers would do manifest injustice if not now considered. *See Corsair Special Situations Fund, L.P. V. Nat'l Res.* , 595 F. App'x. 40, 44 (2d Cir. 2014).

Plaintiffs finally maintain that the Court's failure to entertain Plaintiffs' supplemental briefing before entering judgment constitutes an "exceptional circumstance" triggering Rule 60(b)(6). *See Dunbar v. Jepsen*, No. 3L19-cv-1163 (SRU), 2023 WL 3057145 at *2 (D. Conn. April 24, 2023). The three-prong test for the applicability of Rule 60(b)(6) in *Jepsen* is satisfied: 1) the evidence of the peculiar circumstance of entering judgment after requesting supplemental briefing but before such briefing was filed is apparent on the face of the pleadings; 2) the Rule 60(b)(6)motion was filed timely, as it made little sense to simply file Plaintiffs' supplemental briefing on the closed docket in the immediate wake of judgment being entered; and 3) re-opening the judgment does not prejudice the Defendants, who had the benefit of filing their supplemental briefing before entry of judgment while Plaintiffs did not. *Dunbar v. Jepsen*, *supra*, at *2.

As the Second Circuit has stated, Rule 60(b)(6) provides, in relevant part, that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for…: (6) any…reason that justifies relief." Rule 60(b)(6). Furthermore, Rule 60(b)(6) "constitutes a grand reservoir of equitable power to do justice in a particular case; *Matarese v. Lefevre*, 801 F.2d 98, 106 (2d Cir. 1986) citing United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977))," and "is designed to balance the sanctity of final judgments and the command that justice be done in light of all the facts." *Paddington v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994). It has often been noted that Rule 60(b)(6) confers broad discretion upon the trial court to grant relief when appropriate to accomplish justice. A District Court's discretion is "especially broad under subdivision (6)." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977). The Second Circuit has long recognized that a Rule 60(b)(6) Motion is appropriate in both criminal and civil cases. See, e.g., *United States v. Becker*, 502 F.3d 122 (2d Cir. 2007).

In a 2255 habeas corpus case, Judge Allyne Ross stated the rule succinctly in Cobb:

> In the Second Circuit, a district court has the authority to vacate its own judgment *sua sponte* under Federal Rule of Civil Procedure 60(b)(6). *See, e.g., Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001); *Matter of Perras*, No. 08-CV-1771 (KAM) (CLP), 2010 WL 11627295, at *6 (E.D.N.Y. Nov. 3, 2010); *Economist's Advocate, LLC v. Cognitive Arts Corp.*, No. 01 Civ. 9468, 2004 WL 728874, at *11 (S.D.N.Y. Apr. 6, 2004). The rule, which permits a court to "relieve a party ... from a final judgment" for "any ... reason that justifies relief," Fed. R. Civ. P. 60(b)(6), "confers broad discretion ... to grant relief when appropriate to accomplish justice." *Matter of Perras*, 2010 WL 11627295, at *6 (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). Relief is appropriate "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Id.* (quoting *United Airlines*, 588 F.3d at 176). Courts in this circuit have relied on 60(b)(6) to *sua sponte* vacate a denial of habeas and reopen the proceeding. *See Walker v. Conway*, No. 9:02-CV-790 (FJS/VEB), 2007 WL 2027911, at *1 (N.D.N.Y. July 11, 2007); *Cole v. United States*, No. 98 CV 7670(SJ), 2003 WL 21909758, at *1 (E.D.N.Y. July 30, 2003).

6

*Cobb v. United States*, No. 04-CR-203 (ARR), 2019 WL 2607002, at *2 (E.D.N.Y. Jan. 11, 2019).

WHEREFORE, for all of the reasons stated herein, Plaintiffs Daniel Carpenter and Grist Mill Capital, LLC's Motion to Alter or Amend a Judgment Under Rule 59(e) or in the Alternative Motion for Relief From a Judgment Under Rule 60(b)(6) should be granted.

PLAINTIFFS,
DANIEL E. CARPENTER and
GRISTMILL CAPITAL, LLC

By    *ct09451*
    Kenneth R. Slater, Jr.
    Federal Bar No. ct09451
    Halloran Sage LLP
    225 Asylum Street
    Hartford, CT  06103
    (860) 522-6103
    (860) 548-0006 Fax
    slater@halloransage.com

## <u>CERTIFICATION</u>

This is to certify that on May 24, 2024, a copy of the foregoing was electronically filed and served by mail to anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notie of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ ct09451*_____
Kenneth R. Slater, Jr.

9159241v.1

9159241v.3