UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER and GRIST MILL CAPITAL, LLC, : | |
| : | |
| Plaintiffs, | Docket No.  3:14CV741 (SRU) |
| : | |
| VS. | |
| : | |
| LYNN ALLEN, CHERI GARCIA, TIMOTHY CORSI, JOHN DOES 1-100, : and JANE DOES 1-100, | |
| : | |
| Defendants. | May 30, 2024 |

**FEDERAL DEFENDANTS' SUR-REPLY BRIEF IN
FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR
AMEND A JUDGMENT UNDER RULE 59(e) OR IN THE ALTERNATIVE MOTION
FOR RELIEF FROM A JUDGMENT UNDER RULE 60(b)(6)**

The Federal Defendants hereby submit this Sur-Reply brief in further opposition to the Plaintiffs' motion to alter or amend judgment, or in the alternative, for relief from judgment, in connection with the above-captioned case (ECF #143) ("Plaintiff's Motion for Relief"). Specifically, this brief is submitted in response to the plaintiffs' reply to the Federal Defendants' opposition to that motion (ECF #145) (Plaintiffs' Reply"). Plaintiffs' Motion for Relief should be denied, and nothing in the Plaintiffs' Reply warrants a different result.

In their Reply, Plaintiffs argue that their Motion for Relief under Fed. R. Civ. P. 59(e) is timely because it was filed within twenty-eight days of this Court's March 29, 2024 Ruling. *See* Plaintiffs' Reply at 1-3. Plaintiffs reject the Federal Defendants' argument that the time limits under Local Rule 7 apply to the Plaintiffs' Rule 59(e) motion. *Id.*  Plaintiffs are mistaken.

As this Court has ruled, "… pursuant to District of Connecticut Local Rule 7(c), motions for reconsideration under Rule 59(e) must be filed within seven (7) days of the filing of the Order." *Murphy v. Feliciano*, No. 3:17-CV-269 (VLB), 2017 WL 3698490, at *1 (D. Conn. Aug. 25, 2017). This Court has further explained:

> Federal Rule of Civil Procedure 59(e) permits a party to file a "motion to alter or amend a judgment ... no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions to alter a judgment under Rule 59(e), however, are treated the same as motions for reconsideration under District of Connecticut Local Rule 7(c). *See Murphy v. Feliciano*, … 2017 WL 3698490, at *1 …; *InteliClear, LLC v. Victor*, No. 3:16-CV-1403 (JBA), 2017 WL 2213125, at *1 (D. Conn. May 18, 2017) (citing *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991)). Under Local Rule 7(c), parties must file and serve such motions within seven days of the ruling from which relief is sought and provide "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. Civ. R. 7(c)(1).

*J.P. Morgan Chase Bank, N.A. v. Caires*, No. 3:17-CV-1298 (JCH), 2017 WL 4071137, at *1 (D. Conn. Sept. 14, 2017). *See also Kaufman LLC v. Est. of Feinberg,* No. 3:17-CV-00958 (VAB), 2021 WL 11432980 (D. Conn. Dec. 17, 2021), where this Court denied a Rule 59(e) motion because it was not filed within the seven-day period set forth in Local Rule 7(c):

> As to Rule 59(e), Kaufman's motion is untimely. A motion for reconsideration must be filed within seven days of the filing of the order from which relief is sought. D. Conn. L. Civ. R. 7(c)(1); *Murphy*, 2017 WL 3698490, at * 1 (motions for reconsideration under Rule 59(e) must be filed within seven days of the filing of the order). The Court issued its Ruling and Order on January 31, 2020, and the Clerk of Court entered judgment as to Kaufman's claims against Mr. Storch and Mr. Levin on June 26, 2020. J., ECF No. 195 (June 26, 2020). Kaufman filed his motion to alter or amend the judgment on July 24, 2020. Kaufman makes no mention of this missed deadline, other than to argue that the timeframe specified in Local Rule 7(c) does not apply, Pls.' Reply at 5, and fails to demonstrate good cause for why the Court should accept his late filing.

*Id.* at *8.

Similarly, in the present case, the Court issued its Ruling on March 29, 2024, and the Clerk of Court entered judgment against the Plaintiffs on that same date.  ECF #140, 141.  Plaintiffs' Motion under Rule 59(e) was filed on April 26, 2024, more than seven days after that entry date.  Plaintiffs' motion is governed by Local Rule 7(c), regardless of whether their motion refers to that rule.  As such, this filing was untimely.

Plaintiffs also argue that they have met the stringent standards for reconsideration because "this Court overlooked a controlling decision".  Plaintiffs' Reply at 4.  In support of this argument, Plaintiffs submit:

> This Court's request for supplemental briefing on the effect of the preclusive rule of *Heck v. Humphrey*, 52 U.S. 447 (1994) necessitated that the Court follow through on the direction it embarked upon, and allow the filing of Plaintiffs' papers within a reasonable time before judgment was entered. The Court's failure to do so resulted in its overlooking a controlling decision, which triggers Rule 59(e)…

*Id.*  The "controlling precedent" which the Plaintiffs refer to is *Waller v. Smith*, 402 F. Supp. 3d 164 (W.D.N.Y. 2019).  *Id.* at 5.  This case, however, is not controlling precedent for purposes of the Plaintiffs' Motion for Relief.  "[A] decision by another district court judge is not controlling precedent as contemplated under the standards for reviewing a motion for reconsideration."  *Burrell v. Quiros*, No. 3:21-CV-393 (KAD), 2021 WL 2106369, at *2 (D. Conn. May 25, 2021) (citing *Shub v. Westchester Cmty. Coll.*, No. 06 Civ. 8324(WCC), 2008 WL 1957731, at *2 (S.D.N.Y. Apr. 28, 2008) (that "controlling decisions include decisions from the Second Circuit Court of Appeals but not decisions from other circuits, other district courts or even decisions within the same district.").  Accordingly, this argument is without merit.

With regard to the balance of the Plaintiffs' Reply, the Federal Defendants respectfully rely upon their previous submission (ECF #144).

WHEREFORE, the Plaintiff's Motion for Relief should be denied.

Respectfully submitted,

For Defendants Lynn Allen, Cheryl Garcia and Timothy Corsi,

Vanessa Roberts Avery
United States Attorney

          /s/
Lauren M. Nash, ct01705
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut  06510
Tel. (203) 821-3807/Fax (203) 773-5315
Email: Lauren.Nash@usdoj.gov

**Certification**

I hereby certify that on May 30, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Lauren M. Nash
Assistant United States Attorney