UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL CARPENTER, et al.,
    Plaintiffs,

v.

LYNN ALLEN, et al.,
    Defendants.

No. 3:14-cv-741 (SRU)

## ORDER

Daniel Carpenter ("Carpenter") and Grist Mill Capital, LLC ("GMC") have filed a Rule 59(e) Motion to Alter or Amend the judgment against them. The motion is alternatively styled as a Rule 60(b)(6) Motion for Relief from Judgment. For the reasons that follow, I **deny** the motion, **doc. no. 143**.

### I.    Standard of Review

The standard for granting motions for reconsideration is "strict." D. Conn. L. Civ. R. 7(c)1. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 4478) (internal quotation marks omitted).

The decision to grant a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). "Under the law of the case doctrine, when a court has ruled on an issue, that decision should be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Wisconsin Province of Soc'y of Jesus v. Cassem*, 2020 WL 6198485, at *1 (D. Conn. Oct. 22, 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)).

Federal Rule of Civil Procedure 60(b)(6) gives the district court discretion to vacate a judgment for "any other reason that justifies relief." Fed. R Civ. P. 60(b)(6). The Rule "is properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Crispin v. Rodriguez*, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)) (cleaned up). "[A] Rule 60(b)(6) motion may not be used as a substitute for appeal." *Matarese*, 801 F.2d at 107. Parties moving under Rule 60(b) must (1) present highly convincing evidence supporting their motion; (2) demonstrate good cause for failing to act sooner; and (3) show that granting the motion would not impose an undue hardship on the defendants. *Dunbar v. Jepsen*, 2023 WL 3057145, at *2 (D. Conn. Apr. 24, 2023).

**II.     Background**

I assume the parties' familiarity with the factual circumstances of the case. The parties cross-moved for summary judgment. Docs. No. 96, 100. I denied Carpenter and GMC's motion for summary judgment, granted defendants Lynn Allen, Cheri Garcia, and Timothy Corsi (collectively, the "Agents")'s motion for summary judgment, and entered judgment for the Agents against Carpenter and GMC. Docs. No. 140-41.

At oral argument on the cross-motions for summary judgment, I asked the parties to address *Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012). Hr'g Tr., Doc. No. 142 at 35:8-36:1. *Beets* addresses *Heck*'s applicability to civil plaintiffs who were neither tried nor convicted in related criminal proceedings. *See generally Beets*, 669 F.3d at 1045-48. I allowed the parties to submit letters with *Beets*-related supplemental authority by March 29, 2024. *See* Hr'g Tr., Doc. No. 142 at 37:20-38:3.

On March 28, 2024, the Agents submitted a supplemental brief addressing *Beets*. Doc. No. 139. I entered an order on the cross-motions for summary judgment the next afternoon, before the plaintiffs had filed their *Beets* supplemental briefing. *See* Doc. No. 140. Carpenter and GMC now argue that I should have allowed them the opportunity to submit supplemental briefing on *Beets* before ruling on the cross-motions for summary judgment. *See* Doc. No. 143 at 1-2; Doc. No. 145 at 4 ("This Court's request for supplemental briefing . . . necessitated that the Court follow through on the direction it embarked upon, and allow the filing of Plaintiffs' papers within a reasonable time before judgment was entered."). Although it might have been preferable to await the filing of the plaintiffs' supplemental briefing, the plaintiffs have now had the opportunity to present arguments on *Beets*'s applicability to this case. I have now considered those arguments and find them unconvincing.

In my order on the cross-motions for summary judgment, I held that *Heck v. Humphrey*[1] precluded both GMC and Carpenter from asserting their Fourth Amendment *Bivens* claim challenging the 2011 search warrant. Doc. No. 140 at 7-11. Citing *Beets*, I held that GMC was in privity with Carpenter for the purposes of collateral estoppel. *Id.* at 9-11. Therefore, GMC was bound by District Judge Robert N. Chatigny's ruling denying Carpenter's motion to

---

[1] 512 U.S. 477 (1994).

suppress evidence seized pursuant to the 2011 search warrant. *Id.* at 8-11 (citing *United States v. Carpenter*, No. 3:13-cr-226 (RNC), Doc. No. 155, *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1, 4 (2d Cir. 2020), *cert. denied sub nom. Carpenter v. United States*, 141 S. Ct. 820 (2020)). I also concluded, based on the undisputed facts, that the Agents did not exceed the scope of the search warrant. *Id.* at 11-14.

**III.    Discussion**

To the extent GMC and Carpenter move for reconsideration under Rule 59(e) or move to vacate the judgment under Rule 60(b)(6), they fail to provide sufficient grounds for relief.

Carpenter and GMC's motion, in large part, recycles previously rejected arguments. Carpenter and GMC first claim that the Agents seized items beyond the scope of the warrant. Doc. No. 143 at 8-9. I specifically rejected that argument in my ruling on the cross-motions for summary judgment. Doc. No. 140 at 12-13. Carpenter and GMC have not shown that I overlooked a controlling decision "that might reasonably be expected to alter" that conclusion; they merely seek to relitigate that issue. *See Shrader*, 70 F.3d at 257. Rule 59(e) relief is thus inappropriate.

Carpenter and GMC next argue that the 2011 search violated the Fourth Amendment because the search warrant was facially defective. Doc. No. 143 at 7. I had previously rejected that argument when I ruled on the defendants' motion to dismiss. *See* Doc. No. 79. The motion for reconsideration is an improper vehicle to re-raise that argument. "Motions for reconsideration are not intended to be . . . a rehearing on the merits with regard to issues already decided." *Avions De Transp. Rég'l G.I.E. v. Avian Líneas Aéreas S.A.*, 2019 WL 11274574, at *1 (S.D.N.Y. Dec. 19, 2019) (quoting *Nguyen v. MaxPoint Interactive, Inc.*, 2017 WL 3084583,

4

at *1 (S.D.N.Y. May 12, 2017)) (cleaned up).  In deciding the motion for reconsideration, I do not consider the arguments that are extraneous to my ruling on summary judgment.

Carpenter and GMC dispute *Heck*'s preclusive scope, especially as applied to GMC.  In my order on the cross-motions for summary judgment, I held that that several of the plaintiffs' arguments challenging the 2011 search[2] were barred by *Heck v. Humphrey*.  Doc. No. 140 at 9, 11.  I held that both Carpenter and GMC were precluded by *Heck* even though GMC was not indicted in the underlying criminal case.  *See id.* at 9.  Moreover, I held that GMC was in privity with Carpenter and therefore bound by Judge Chatigny's ruling denying Carpenter's motion to suppress.  *Id.* at 8-11.  "Carpenter and GMC are in privity because they share the same legal right:  the Fourth Amendment right to be free from an unreasonable search of 100 Grist Mill Road in Simsbury, Connecticut."  *Id.* at 9 (cleaned up).

I find no reason to disturb my previous holding that GMC is in privity with Carpenter for the purposes of Carpenter's motion to suppress.  Carpenter and GMC claim that I should have considered "controlling precedent"—*Waller v. Smith*, 403 F. Supp. 3d 164 (W.D.N.Y. 2019)— instead of *Beets*.  Doc. No. 145 at 5.  Relying on *Waller*, Carpenter and GMC argue that *Heck* cannot preclude an unindicted party.  Doc. No. 143 at 5-6.  The District of Connecticut, however, is not obligated to follow decisions from the Western District of New York.  Furthermore, *Waller* addressed *Heck* preclusion with two natural persons, not a person and a corporation.  The chief concern of *Heck* and its progeny is that a civil plaintiff cannot bring a claim that would "*necessarily* result in the nullification of" the plaintiff's "conviction or the shortening of his confinement."  *McKithen v. Brown*, 481 F.3d 89, 101 (2d Cir. 2007).

---

[2] Those arguments include a challenge to the Agents' good faith reliance on the warrant.  Doc. No. 143 at 7, 13, 15-16.

It appears that Carpenter used at least one of the Grist Mill entities—possibly the GMC that is a party to this lawsuit—to further his criminal activity. "While in prison, Carpenter was convicted in a separate criminal case of various money laundering charges, including by using Grist Mill to hide the funds at issue in the 2014 Judgment." *Universitas Educ., LLC v. Grist Mill Cap., LLC*, 2023 WL 2170669, at *1 n.1 (2d Cir. Feb. 23, 2023) (summary order); *id.* at *1 ("[T]he district court . . . found that Carpenter was the ultimate controller of Grist Mill and hundreds of other companies, . . . and that he had used Grist Mill and the other companies to fraudulently convey funds rightfully belonging to Universitas Education to prevent it from recovering on the June 7, 2012 judgment.") (cleaned up); *see United States v. Carpenter*, 190 F. Supp. 3d 260, 274 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020) ("The evidence also shows that corporate entities were created and discarded at Mr. Carpenter's direction when it suited his purposes.").

The record appears to demonstrate that Carpenter controls and wholly owns his co-plaintiff. Although there are two GMC entities, GMC Delaware[3] is a party to this lawsuit, but GMC Connecticut is not. GMC Delaware is Carpenter's co-plaintiff. *See* Compl., Doc. No. 1 ¶ 4 ("Grist Mill Capital, LLC, *is a Delaware organization*[.]") (emphasis added). Apparently, there is only one Grist Mill Capital, LLC incorporated in Delaware.[4] GMC and Carpenter acknowledge that GMC Delaware "was formed and controlled by Mr. Carpenter." Doc. No. 143 at 9. GMC Delaware "maintained a place of business at 100 Grist Mill Road,"[5] doc. no. 1 ¶ 4,

---

[3] Carpenter claims that GMC Delaware is "now defunct," but does not provide documentation to that end. Doc. No. 143 at 9. The GMC "entity details" attached to the plaintiffs' motion do not include GMC Delaware's current legal standing and status. *See* Doc. No. 143-8 at 2.

[4] Another Delaware LLC, Grist Mill Holdings, shares the same mailing address and filing date with GMC Delaware. LexisNexis Business Registration Records, Grist Mill Holdings, LLC, Filing No. 3615870 (last visited Feb. 18, 2025).

[5] GMC Delaware's mailing address is located in Wilmington, DE. LexisNexis Business Registration Records, Grist Mill Capital, LLC, Filing No. 3615868 (last visited Feb. 18, 2025).

the same address targeted by the search warrant in Carpenter's criminal case and the same address where GMC Connecticut maintained a place of business.  Doc. No. 143-7 at 2; 2011 Warrant, No. 3:18-mj-59, Doc. No. 2 at 1.

If Carpenter controlled GMC and used it to commit crimes, then GMC's *Bivens* suit—if successful—would "necessarily imply the invalidity of" Carpenter's conviction.  *See Heck*, 512 U.S. at 487.  For those reasons, I hold that the plaintiffs' invocation of *Waller* is unpersuasive.  *See Shrader*, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court.").

Relatedly, GMC asks me to reconsider my holding that it is or was in privity with Carpenter.  "There is a question of fact as to whether Dan Carpenter is in privity with GMC such that alter ego theory applies."  Doc. No. 143 at 9.  To start, the privity standard that GMC refers to, as articulated in *Beets*, 669 F.3d at 1047, is not synonymous with alter ego liability.  *Heck* may bar civil actions brought by individuals who would be precluded from doing so under collateral estoppel.  *Id.*  Connecticut's collateral estoppel standard is different from its alter ego standard.  *Compare Aetna Cas. & Sur. Co. v. Jones*, 220 Conn. 285, 304-05 (1991) (articulating Connecticut's privity standard for the purposes of collateral estoppel), *with Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214, 232-33 (2010) (articulating Connecticut's instrumentality and identity alter ego standards).

Second, GMC does not present "highly convincing evidence" disputing its privity with Carpenter.  *See Dunbar*, 2023 WL 3057145, at *2.  "A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity."  *Joe's Pizza, Inc. v. Aetna Life and Cas. Co.*, 236 Conn. 863, 868 (1996); *id.* at 870-71 (holding

7

that the "sole owners and shareholders" of an entity were in privity with the entity when the owners "exercised complete control over the management and operation" over the entity) (cleaned up).

I previously held that Carpenter and GMC shared a Fourth Amendment right to be free from unreasonable searches at 100 Grist Mill Road. Doc. No. 140 at 9-10. GMC "maintained a place of business at 100 Grist Mill Road." Doc. No. 1 ¶ 4. As described above, Carpenter wholly owned and controlled GMC. GMC's interests were therefore "sufficiently protect[ed]" when Carpenter moved to suppress evidence seized from the 2011 warrant. *See Joe's Pizza*, 236 Conn. at 870 (cleaned up).

GMC and Carpenter's remaining arguments are an attempt to exhaust every potential avenue for relief. The motion for reconsideration is an inappropriate "substitute for appeal" on the issue of *Heck*'s nuanced preclusive scope for third parties. It does not seek to remedy "an extreme and undue hardship" under Rule 60(b)(6). *See Matarese*, 801 F.2d at 106. The Court of Appeals is a more appropriate forum for the plaintiffs' arguments. I therefore deny the motion.

### IV.  Conclusion

For the foregoing reasons, I **deny** Carpenter and GMC's Motion for Reconsideration and Relief from Judgment brought under Rule 59(e) and Rule 60(b)(6), **doc. no. 143.**

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of March 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge